**In the Interest of Anthony Maurice CLAY, a child.**

**No. 2–59020.**

Supreme Court of Iowa.

Oct. 20, 1976.

Leslie Babich, of Allen, Babich & Bennett, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Special Asst. Atty. Gen., Theodore R. Boecker, Asst. Atty. Gen., Chester C. Woodburn, III, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Anthony Maurice Clay appeals from an order entered in juvenile division of the Polk District Court transferring alleged vio-

lation of the law (a felony) to criminal division for appropriate action. Appeal dismissed.

By petition filed in juvenile court Clay, age then 17, allegedly operated a motor vehicle without the owner's consent, Section 321.76, The Code 1975. After a contested juvenile hearing the cause was ordered transferred upon the State's motion. See Code § 232.62.

The State now urges Clay's appeal from the transfer order be dismissed. In light of our disposition upon that premise no useful purpose will be served by alluding to contentions instantly voiced by Clay.

I. The question posed is whether this court has jurisdiction to entertain this appeal.

Notably, a juvenile court is a division of our unified "Iowa District Court". See Code § 602.1. See also §§ 231.1–231.4; 232.2(1).

And, Code § 232.62 provides: "The criminal court shall have concurrent jurisdiction with the juvenile court over children less than eighteen years of age who commit a criminal offense."

■ Furthermore, an order transferring a cause from one state court to another is ordinarily deemed interlocutory, therefore not final and appealable as of right. See *Village of Niles v. Szczesny,* 13 Ill.2d 45, 147 N.E.2d 371, 372 (1958); 4 C.J.S. Appeal and Error § 115f at 315.

Our holding does not, however, rest upon the foregoing alone. Rather it is a factor considered in resolving the case at hand.

II. Mindful thereof, we look now to finality of the involved transfer order.

At the outset this apt statement in *People v. Jiles,* 43 Ill.2d 145, 251 N.E.2d 529, 530–531 (1969), is deemed persuasive:

"There is no discernible pattern in the procedures of the various States as to the reviewability of such [transfer] orders, and because the matter depends so largely upon the varying provisions of the applicable statutes, nothing is to be gained by a detailed analysis of the authorities from other jurisdictions. We do not regard the decision of the Supreme Court of the United States in *Kent v. United States,* 383 U.S. 541, 556, 86 S.Ct. 1045, 16 L.Ed.2d 84, which characterized the waiver of jurisdiction as a 'critically important' action, as particularly relevant to this question. *Kent* was concerned primarily with 'the infirmity of the proceedings by which the Juvenile Court waived its * * jurisdiction.' On the issue now before us the Supreme Court said only, 'There is no question that the order is reviewable on motion to dismiss the indictment in the District Court, as specified by the Court of Appeals in this case. *Kent v. Reid,* supra (114 U.S.App. D.C. 330, 316 F.2d 331).' In the latter case, the Court of Appeals for the District of Columbia, in an opinion by Judge McGowan, had held that no interlocutory appeal would lie from the order of the juvenile court of the district which waived jurisdiction over a juvenile so that he could be prosecuted criminally."

To us *Jiles, supra,* says an order transferring a juvenile proceeding to the criminal division for proper action, although critically important, is not per se a final adjudication. Rather, it takes on all the attributes of a preliminary procedural mechanism designed to protect the best interests of a juvenile and the public. See Code § 232.72. It does not in any respect constitute a determination as to guilt or innocence. Further in this vein the record clearly reveals no delinquency determination was ever made or entered, either independently or as an integral part of the instant transfer.

■ Briefly stated, the involved order was not a final judgment from which appeal could be had as a matter of right. See *In re T.J.H.,* 479 S.W.2d 433, 434 (Mo.1972); *In re Becker,* 39 Ohio St.2d 84, 314 N.E.2d 158, 159 (1974); cf. *Bradley v. United States,* 410 U.S. 605, 609, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528 (1973); *State v. Aumann,* 236 N.W.2d 320 (1975). See generally *In re Brown,* 183 N.W.2d 731 (Iowa 1971).

III. Although it would at first blush appear Code § 232.58 specifically permits

Clay's invocation of appellate review, we are not so persuaded.

The cited statute provides:

"*An interested party aggrieved by any order or decree of the court may appeal to the supreme court for review of questions of law and fact.* The procedure for such appeals shall be governed by the same provisions applicable to appeals from the district court except when the decree or order affects the custody of a minor the appeal shall be heard at the earliest practicable time. The pendency of an appeal or application therefor shall not suspend the order of the juvenile court regarding a minor and shall not discharge the minor from the custody of the court or of the person, institution, or agency to whose care the minor has been committed or placed unless otherwise ordered by the supreme court on application of an appellant. If the supreme court does not dismiss the proceedings and discharge the minor, said court shall affirm or modify the order of the juvenile court and remand the minor to the jurisdiction of the court for disposition not inconsistent with the supreme court's finding on the appeal." (emphasis supplied).

It could be reasonably argued the italicized first sentence of § 232.58, if lifted out of context, permits appeal from the transfer order. But this approach would run counter to well established principles.

■ As articulated in *Kelly v. Brewer,* 239 N.W.2d 109, 113–114 (Iowa 1976):

"It is our responsibility to ascertain and give effect to legislative intent. *State v. Prybil,* 211 N.W.2d 308, 311 (Iowa 1973). We must look to what the legislature said, rather than what it should or might have said. Rule 344(f)(13), Rules of Civil Procedure; *Davenport Water Company v. Iowa State Commerce Comm.,* 190 N.W.2d 583, 595 (Iowa 1971). Words are given their ordinary meaning unless defined differently by the legislature or possessed of a peculiar and appropriate meaning in law. *State v. Prybil,* supra; *Sioux Associates, Inc. v. Iowa Liquor*

*Control Comm.,* 257 Iowa 308, 311, 132 N.W.2d 421, 424; see § 4.1(2), The Code, 1975. *Effect is to be given to the entire statute.* No court, under the guise of judicial construction, may add words of qualification to the statute in question or change its terms. *State v. Prybil,* supra; *Northern Natural Gas Company v. Forst,* 205 N.W.2d 692, 696 (Iowa 1973); *Maguire v. Fulton,* 179 N.W.2d 508, 510 (Iowa 1970)." (emphasis supplied).

See also *State v. Jennie Coulter Day Nursery,* 218 N.W.2d 579, 582 (Iowa 1974); 2A Sutherland, Statutory Construction, § 46:05 (Sands 4th ed. 1973).

Guided by the foregoing we are satisfied the General Assembly qualified the above noted first sentence of § 232.58 by this next following phraseology: "The procedure for such appeals shall be governed by the same provisions applicable to appeals from the district court."

What then is the relevant procedure provided for appeals from the district court? *Helland v. Yellow Freight System, Inc.,* 204 N.W.2d 601, 604 (1973) says:

" 'The right of appeal is statutory and in civil cases is governed by the Iowa Rules of Civil Procedure which have the force and effect of statute. Rule 331 provides for two classes of appeals.

" ' "(a) All final judgments and decisions * * * may be appealed * * *.

" ' "(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order. * * *."

" 'Rule 332(a) states: "Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. * * *."

" 'We have consistently held we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any ruling less than a final judgment or decision was obtained.

" 'A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case. (Authorities cited).' "

It therefore follows and this court concludes, the legislature did not intend, by enactment of § 232.58, an appeal as of right could be taken to the Supreme Court from any and every interlocutory order or decree entered in a juvenile court. Impractical consequences would attend a contrary interpretation. See *Matter of Estate of Bliven,* 236 N.W.2d 366, 369 (Iowa 1975); *State v. Monroe,* 236 N.W.2d 24, 36 (Iowa 1975). In the first place, incalculable fractionated appeals would be unduly fostered. See *Forte v. Schlick,* 248 Iowa 1327, 1332, 85 N.W.2d 549 (1957). Additionally, proceedings in both the juvenile and criminal divisions would be unavoidably delayed, thereby jeopardizing a just final disposition. Stated otherwise, permissive random appeals from a juvenile court transfer order would, in effect, subordinate the primary issue of guilt or innocence and defer its determination while intermediate problems were being resolved on review.

This appeal must be dismissed and the cause remanded for further proceedings without prejudice to Clay's right to appropriately raise any issues attendant upon the aforesaid transfer in event of appeal from final judgment entered. We express no view, however, as to waiver thereof should a guilty plea be entered. See *State v. Anthony,* 239 N.W.2d 850 (Iowa 1976).

The stay order previously issued by this court is hereby set aside and annulled.

APPEAL DISMISSED.