STATE of Iowa, Appellee,

v.

Blair Justin GREIMAN, Appellant.

No. 69501.

Supreme Court of Iowa.

Feb. 15, 1984.

Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, and James P. McGuire, Mason City, for appellant.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., and Richard N. Tompkins, Jr., County Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

Blair Justin Greiman appeals from his convictions and sentences for first-degree kidnapping (Iowa Code §§ 710.1(3) and 710.2) and attempted murder (§ 707.11). We affirm.

The victim was abducted from a store parking lot, driven to the farmhouse where the defendant lived, tied to a bed and sexually abused, then driven to a culvert on a nearby gravel road where she was ejected from the defendant's car, knocked on the head, stabbed twice, and pushed off an embankment into the snow. Passersby who noticed her soon after summoned an ambulance and police. Despite a considerable loss of blood and several injuries, including a collapsed lung, she survived. From her account and description, Blair Greiman was arrested.

On appeal the defendant argues that the district court erred in (1) waiving jurisdiction over the defendant, who was a 16-year old juvenile at the time of this offense; (2) failing to direct a verdict for the defendant on the issue of sanity; (3) refusing to allow the testimony of a psychologist, Dr. Eric Elster; (4) failing to return the issue of mental competence to the juvenile court to review prior to adult transfer; (5) allowing both the kidnapping and the sexual abuse charge to go to the jury; and (6) failing to sentence the defendant in accordance with section 232.8(3).

I. *Waiver of Jurisdiction.* Greiman contends the juvenile court erred in waiving jurisdiction and directing that he be tried as an adult.

Iowa Code sections 232.45(1)–(5) establish the procedure for the waiver of juvenile court jurisdiction. Section 232.45(6) provides that, following the waiver hearing, jurisdiction may be waived if the following criteria are met: (a) the child is fourteen or older; (b) the court finds probable cause to believe the child has committed a delinquent act; and, most significant here:

> c. The court determines that the state has established that there are not reasonable prospects for rehabilitating the child in the event the juvenile court retains jurisdiction over the child and the child is adjudicated to have committed a delinquent act, and that waiver of the court's jurisdiction would be in the best interest of the child or the community.

Criteria (a) and (b) are not challenged by the defendant. The juvenile court ruled against retaining jurisdiction under both of the broad grounds of subsection (c). It determined that the twenty months remaining until the juvenile became an adult were not sufficient to provide reasonable prospects for rehabilitation. It also found waiver would be in the best interest of both the child and the community stating:

> If [the juvenile] were not rehabilitated in twenty months, he could be an extreme danger to the community. This court concludes the community is entitled to the best protection possible under the circumstances of this case and it is to [the juvenile's] best interest also to make certain reasonable time exists for his rehabilitation.

The juvenile code provides guidance in making the determinations under subsection (c). Section 232.45(7) provides:

In making the determination required by [subsection c], the factors which the court shall consider include but are not limited to the following:

a. The nature of the alleged delinquent act and the circumstances under which it was committed.

b. The nature and extent of the child's prior contacts with juvenile authorities, including past efforts of such authorities to treat and rehabilitate the child and the response to such efforts.

c. The programs, facilities and personnel available to the juvenile court for rehabilitation and treatment of the child, and the programs, facilities and personnel which would be available to the court that would have jurisdiction in the event the juvenile court waives its jurisdiction so that the child can be prosecuted as an adult.

■ We consider these criteria in considering the waiver order. The waiver statute vests discretion in the juvenile court in ruling on the waiver application. ("At the conclusion of the waiver hearing the court may waive its jurisdiction over the child . . . ."). Iowa Code section 232.-45(6). Our review is de novo to the extent of examining all the evidence to determine whether the court abused that discretion in ordering the waiver. *See In Interest of Matzen*, 305 N.W.2d 479, 482 (Iowa 1981) (review of exercise of discretion in granting consent decree).

■ Greiman concedes the seriousness of the acts committed but argues the other factors weigh in his favor. He points to a "lifelong pattern of normal social development and superior academic achievement" and asserts that his only prior contact was a charge of possession of beer as a minor. While there was extensive testimony at the waiver hearing regarding the facilities available under both the adult and juvenile systems, Greiman argues that none of the witnesses had testified he could not be rehabilitated under the juvenile system. Failure to present such evidence, he claims, requires reversal.

■ We do not read the statute so stringently. All it requires is a weighing of the respective prospects for rehabilitation offered by the juvenile and adult systems. Here, there were only twenty months in which any rehabilitation would have to be accomplished. The juvenile probation officer, whose opinion should be entitled to considerable weight, noted that fact in recommending waiver of jurisdiction.

Moreover, the prospect of rehabilitation is only one of the factors to be considered under section 232.45(7); the nature of the act, and the child's prior contacts with the juvenile authorities must also be considered. While his minimal contacts with authorities prior to this incident militate against waiver, the nature of the act weighs strongly in favor of waiver. The juvenile probation officer also gave that factor considerable weight. It was, as the juvenile court noted in its waiver order, a "senseless and heinous" crime.

We find no abuse of discretion by the juvenile court; waiver of juvenile court jurisdiction is supported by the record in this case.

II. *Insanity Defense.* Greiman's defense at trial was that he was not guilty by reason of insanity. He now contends the trial court erroneously refused to grant his motion for acquittal, Iowa R.Crim.P. 18(8). He claims his defense of insanity should have been sustained by the court as a matter of law.

■ There was extensive psychiatric testimony presented by both sides concerning this issue. Expert testimony presented by the State concluded Greiman was sane, noting the deliberate, logical and methodical steps taken by him in perpetration of this crime, his disposal of the evidence, his attempt to silence the victim, his false stories told to investigators to throw them off the track in their investigation, the lack of any prior mental defect, and the lack of any prior behavioral problems. There was adequate evidence from which a jury could conclude that the defendant was sane. Accordingly, it was not error to refuse the motion for judgment of acquittal. *See*

*State v. Schertz,* 328 N.W.2d 320 (Iowa 1982).

III. *The Testimony of the Psychologist.* Dr. Eric Elster is a clinical psychologist who uses hypnosis as a form of psychotherapy. He met with Greiman three times and the defense sought to use his testimony. The trial court ruled that it "would not allow any evidence as to testimony given or statements made by the defendant while under hypnosis." Greiman here claims the court abused its discretion by refusing Elster's testimony in its entirety. Greiman points to Iowa's commitment to a liberal rule allowing expert opinion testimony "if it will aid the factfinder and is based on special training, experience or knowledge with respect to an issue in controversy." *State v. Moses,* 320 N.W.2d 581, 587 (Iowa 1982) (citation omitted). He claims Dr. Elster's offered testimony regarding Greiman's state of mind at the time of the act met these conditions and was erroneously excluded.

■ The State contends the court did not bar Dr. Elster's opinion testimony (contained in a deposition used as an offer of proof), but that it merely had excluded his testimony as to statements made under hypnosis. Upon our review of the record, we agree. The trial court's order was directed to any testimony based upon hypnosis of the defendant at the time of his examination by Dr. Elster; it did not prohibit introduction of his testimony in full. It was not error for the court to exclude the hypnotically-enhanced evidence. *See State v. Seager,* 341 N.W.2d 420 (Iowa 1983). We find no error under this assignment.

IV. *Mental Competency Determination.* Iowa Code section 232.51 provides in part:

If the evidence received at an adjudicatory or dispositional hearing indicates that the child is mentally ill, the court may direct the juvenile probation officer or the department to initiate proceedings or to assist the child's parent or guardian to initiate civil commitment proceedings in the juvenile court.

■ Greiman here claims reversible error in the trial court's failure to remand to the juvenile court under this section when the evidence at trial "clearly shows that Blair Greiman was mentally ill."

This section is inapplicable. The evidence supporting the claim of mental illness was deduced at trial, not at an adjudicatory or dispositional hearing in the juvenile court as the statute provides.

V. *The Kidnapping Charge.* Greiman contends that the trial court should have granted a motion for acquittal on the kidnapping charge because that charge is inherent in the charge of sexual abuse. His argument is that kidnapping in this case was so integral to the crime of sexual abuse that it cannot constitute a separate offense.

■ This court has required to support a kidnapping charge more than the confinement or removal that is an inherent incident of commission of the crime of sexual abuse. Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independant from sexual abuse. *State v. Rich,* 305 N.W.2d 739, 745 (Iowa 1981). Confinement or removal may be found to exist if it "substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense." *Id.* It was not error to submit the kidnapping charge here.

■ VI. *Sentencing.* Although Greiman was convicted of second-degree sexual abuse, the court correctly determined this was an included offense in first-degree kidnapping and did not impose a separate sentence on it. Greiman was sentenced to prison terms on both the kidnapping and attempted murder charges. He contends the court erred in refusing to sentence him instead under Iowa Code section 232.8(3) which provides in part:

If the child pleads guilty or is found guilty of a public offense in another

court of this state that court may, with the consent of the child, defer judgment and without regard to restrictions placed upon deferred judgments for adults, place the child on probation for a period not less than one year upon such conditions as it may require. Upon fulfillment of the conditions of probation the child shall be discharged without entry of judgment.

As the State concedes, the court has the authority under this section to enter a deferred judgment as to a juvenile, even though he has been convicted in adult court of a crime carrying a mandatory prison sentence. *See* Iowa Code § 902.1.

The State merely argues that while the court may defer judgment, it is not required to. The court stated at the sentencing hearing that, "I assume the court might have discretion to follow [section 232.8(3)], but it is not required to, and I decline to do so." Although the written sentencing order gave as the only reason for the sentence that "the life sentence is mandatory under the law" it appears that the court at least minimally complied with the requirement of section 232.8(3) to exercise its discretion as to the sentencing options.

We find no reversible error. The judgment of the trial court is affirmed.

AFFIRMED.