STATE of Iowa, Appellee,

v.

Timothy Charles FECHTER, Appellant.

No. 85–1411.

Supreme Court of Iowa.

Dec. 17, 1986.

Charles L. Harrington, Appellate Defender, B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Pamela Greenman Dahl, Asst. Atty. Gen., and Arlen F. Hughes, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

Defendant Timothy Charles Fechter appeals from his conviction, following a jury trial, for the crime of burglary in the second degree. Prior to trial, Fechter had given timely notice of an alibi defense. He now challenges a ruling by the trial court which allowed the State to offer rebuttal testimony allegedly discrediting the defense without having given reciprocal notice in accordance with Iowa Rule of Criminal Procedure 10(11)(a). We find that the trial court did not abuse its discretion by allowing the rebuttal testimony and affirm.

On October 26, 1984, at approximately 4:30 a.m., the police chief of Afton, Iowa stopped a "swerving" vehicle driven by Kevin Brammer. Defendant Fechter was a passenger in the automobile. Brammer gave the officer consent to check for open containers inside the vehicle. The search revealed a red crowbar, a green money bag marked "Leon Feed Services" and a large amount of change on the floor of the vehicle. Additionally, Brammer was found to possess a list of employee tasks at Mount Ayr Mill and Feed Company. A radio call to the Union County Law Center confirmed that the Mount Ayr Mill and Feed Company had been broken into and ransacked during the night. Brammer and Fechter were then arrested and charged with burglary.

Prior to trial, Fechter filed a notice of alibi defense. He proposed to offer the testimony of two witnesses, Lori Speas and Dori Burch, who would account for his whereabouts from the afternoon of October 25 until between 1:00 and 1:30 a.m. on October 26, 1985. The State filed no written notice of intent to call witnesses to discredit Fechter's alibi.

At trial, Fechter and his alibi witnesses testified in conformity with the previously filed notice of alibi. Brammer, who had not been listed by Fechter as an alibi witness, testified that after leaving Fechter's company at 10:00 p.m., he and two unidentified persons burglarized the Mount Ayr Mill and Feed Company. He further testified that he did not see Fechter again until 3:30 a.m. when he found him sleeping in his car and picked him up to go job seeking in Leon. At that time, Brammer told Fechter about the "hot" items in the car and they proceeded out of Creston and on to Afton where they were subsequently arrested.

After the defense rested, the State proposed to call officer Rudy Saville from the Creston Police Department as a rebuttal witness. The defendant lodged an oral motion in limine, claiming that the officer's testimony should not be allowed because the State had not complied with the reciprocal notice provision of Iowa Rule of Criminal Procedure 10(11)(a). The State responded by arguing that officer Saville would not contradict Fechter's alibi placing him in Creston at 1:30 a.m., but would contradict Fechter and Brammer's testimony given at trial. The court overruled the motion and allowed the proffered testimony. Officer Saville then testified that at approximately 1:30 a.m. on October 26, 1985, he observed Brammer and Fechter in Brammer's car, at a parking lot in Creston, Iowa.

The issue posed by the trial court's ruling and raised by the defendant on this appeal is whether Saville's testimony discredited Fechter's alibi defense and thereby entitled him to notice of the State's intent to call Saville as a rebuttal witness. The State argues that the testimony was properly admissible because it neither discredited the defendant's listed alibi witnesses nor placed the defendant at the scene of the crime. Our review of the nature of alibi, generally, and an examination of the litigants' duties under rule 10(11)(a) leads us to agree with the State.

By asserting an alibi defense, the defendant is claiming the impossibility of his having committed the offense by reason of being elsewhere when it was committed. *Stump v. Bennett*, 398 F.2d 111, 116 (8th Cir.), *cert. denied*, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); *State v. Gillespie*, 163 N.W.2d 922, 925 (Iowa 1969). In other words, the fact of defendant's presence elsewhere is essentially inconsistent with his presence at the place where the

offense was committed; therefore, he could not have personally participated. *State v. Miner*, 639 S.W.2d 569, 572 (Mo.1982).

 Generally, the State has no obligation to notify the defendant of rebuttal witnesses. *See State v. Folck*, 325 N.W.2d 368, 371 (Iowa 1982). However, once the defendant has given notice of intent to rely on an alibi defense, the State's right to discovery of defendant's alibi witnesses triggers a reciprocal obligation by the State to reveal the identity of witnesses it intends to call to rebut the defense. Iowa R.Crim.P. 10(11)(a). This reciprocal notice is required not only as a matter of state procedural law, but also as a matter of constitutional due process. *Wardius v. Oregon*, 412 U.S. 470, 472, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82, 86 (1973); *State v. Walton*, 228 N.W.2d 21, 25 (Iowa 1975). Nevertheless, a defendant may, in the absence of notice of alibi, take the stand and claim he was far from the scene. It is only when he elects to go farther by calling a witness to support his alibi that the notice requirements must be met. *State v. Lanphear*, 220 N.W.2d 618, 620 (Iowa 1974).

 Rule 10(11)(a) requires, in pertinent part, that the notice of alibi "shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense" and the "names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi." The reciprocal duty of the State is to "file written notice of ... witnesses the State proposes to offer in rebuttal to discredit the defendant's alibi."

What does the defendant's notice of alibi reveal concerning his alleged whereabouts on the night in question? The notice first disclaims any ability to determine from the trial information the exact time when the offense occurred. It then goes on, however, to infer from the minutes of evidence that the crime occurred sometime late on the night of October 25 or in the early morning hours of October 26, prior to 4:30 a.m. The notice then advises that Fechter was in and around Creston in the company of Lori Speas or Dori Burch until between 1:00 and 1:30 a.m. on October 26.

At trial, Fechter voluntarily amplified his alibi by offering his own testimony to the effect that Kevin Brammer had also been his companion that evening and in his car but only until 10:00 p.m. Brammer, called as a witness by Fechter, corroborated the defendant's assertion that the two were not in each other's company again until 3:30 a.m.

It is this latter evidence, developed at trial, that officer Saville's testimony attempted to discredit. His testimony placing the two of them in Brammer's car at approximately 1:30 a.m. no doubt seriously impeached their credibility. But Fechter's revelation of his whereabouts after 1:30 a.m. on October 26 had not been detailed in his notice of alibi, notwithstanding his acknowledgment that the offense occurred sometime "prior to 4:30 a.m." Thus we conclude that Fechter's limited compliance with rule 10(11)(a) limits the protection he can now claim, leaving him vulnerable to rebuttal concerning events transpiring from 1:30 to 4:30 a.m.

In *Wardius*, the United States Supreme Court held that it is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State. *Wardius*, 412 U.S. at 476, 93 S.Ct. at 2213, 37 L.Ed.2d at 88. We hold that it would be equally unfair to prohibit the State from profferring rebuttal testimony concerning pieces of alibi evidence not previously disclosed by the defendant.

In summary, we conclude that the trial court ruled fairly in allowing officer Saville's testimony under the circumstances of this case. The rebuttal evidence neither discredited the alibi witnesses listed by the defendant in his notice, nor did it place the defendant at the scene of the crime. The defendant's claim that the evidence discredited his alibi is without merit. No abuse of

discretion by the trial court has been shown.

AFFIRMED.