**Blair Justin GREIMAN, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 89–1246.

Supreme Court of Iowa.

June 19, 1991.

Barbara A. Schwartz, Iowa City and John Priester and Robin Lassise, Student Legal Interns, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and Paul L. Martin, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Blair Greiman's convictions of first-degree kidnapping, second-degree sexual abuse, and attempted murder were affirmed by this court in *State v. Greiman*, 344 N.W.2d 249 (Iowa 1984). Greiman filed an application for postconviction relief under Iowa Code chapter 663A, based on alleged ineffective assistance of counsel. The district court denied his application, and he appealed. The court of appeals reversed on a divided vote, and we granted further review. We vacate the court of appeals decision and affirm the district court.

Greiman was sixteen years old at the time of the offense, and the juvenile court waived jurisdiction to the district court. At trial, Greiman introduced evidence of insanity through the testimony of a psychiatrist.

The State then offered rebuttal evidence, without objection, by a psychiatrist who had been present in court during the testimony of the defendant's psychiatrist. The State's rebuttal psychiatrist commented on the testimony of the defendant's witness.

On appeal, the key issue is whether the defendant's attorneys were ineffective in their representation of Greiman by failing to object to the State's rebuttal evidence. Greiman claims that the State was required to disclose the identity of its rebuttal psychiatrist prior to trial. *See* Iowa R.Crim.P. 10(11)(b)(1).

Iowa Rule of Criminal Procedure 10(11) requires certain notices by a defendant. Rule 10(11)(b) provides this with respect to insanity and diminished responsibility defenses:

(1) *Defense of insanity and diminished responsibility.* If a defendant intends to rely upon the defense of insanity or diminished responsibility at the time of the alleged crime, the defendant shall, within the time provided for the filing of pretrial motions, file written notice of such intention. The court may for good cause shown, allow late filing of the notice or grant additional time to the parties to prepare for trial or make other order as appropriate.

When the defendant has asserted a defense of insanity the burden of proof is on the defendant to prove insanity by a preponderance of the evidence as provided for in Iowa Code section 701.4.

(2) *State's right to expert examination.* Where a defendant has given notice of the use of the defense of insanity or diminished responsibility and intends to call an expert witness or witnesses on that issue at trial the defendant shall, within the time provided for the filing of pretrial motions, file written notice of the name of each such witness. Upon such notice or as otherwise appropriate the court may upon application order the examination of the defendant by a state-named expert or experts whose names shall be disclosed to the defendant prior to examination.

■ This rule requires the State to notify the defendant of its expert only when the court has appointed an expert to examine the defendant. In this case, there was such an examination by a psychiatrist, Dr. Lara, who was appointed by the court at the State's request, and the defendant was notified of this expert within the time provided by the rule.

■ The general rule is that rebuttal witnesses need not be identified by endorsement on the indictment or county attorney's information. *State v. Fechter,* 397 N.W.2d 711, 713 (Iowa 1986); *State v. Bakker,* 262 N.W.2d 538, 543 (Iowa 1978). The reason is apparent: rebuttal evidence is "that which explains, repels, controverts, or disproves evidence produced by the other side." *State v. Miller,* 229 N.W.2d 762, 770 (Iowa 1975). Until the defendant presents his evidence, the State cannot know if rebuttal is necessary or what direction it should take. As we noted in an earlier case,

[i]t often happens on a trial, that a party may reasonably suppose that a fact *prima facie* shown on the direct examination, will stand as unquestioned on the trial, with other evidence at hand to sustain it. In such a case, if it is contradicted, the court may properly permit the other party to offer additional [rebuttal] evidence.

*State v. Yetzer,* 97 Iowa 423, 433, 66 N.W. 737, 740 (1896).

The issue in this case is whether a different rule should be applied as to expert witnesses on the issue of insanity. Greiman argues that it should because "[t]he law has been well established at least since 1972 that a state may not require advance disclosure of evidence from a criminal defendant unless it requires as well reciprocal disclosure from the prosecution." The defendant relies on *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).

Greiman also cites *State v. Walton,* 228 N.W.2d 21, 25 (Iowa 1975), which, relying on *Wardius,* held that due process requires that the notice requirement of Iowa Code section 777.18 (1973) (the forerunner to criminal rule 10(11)) imposed on a defendant must also be imposed on the State.

■ Rule of criminal procedure 10(11)(b), which was not in effect at the time of *Walton*, imposes reciprocal notice requirements on the parties, and the State complied with those requirements here. Its examining psychiatrist, Dr. Lara, was identified prior to trial pursuant to rule 10(11)(b). We believe this is all that our rules, and due process, require.

In *Wardius*, the State's rule requiring pretrial disclosure by a defendant of an alibi defense, but which required no reciprocal disclosure by the State, violated due process. 412 U.S. at 472, 93 S.Ct. at 2211, 37 L.Ed.2d at 86. *Wardius* was limited to the question of whether rules requiring pretrial disclosure must provide reciprocal rights. The court said

> although the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded, it does speak to the balance of forces between the accused and his accuser.

*Id.* at 474, 93 S.Ct. at 2212, 37 L.Ed.2d at 87 (citations omitted).

■ Iowa's rules on alibi defenses, Iowa R.Crim.P. 10(11)(a), and insanity, Iowa R.Crim.P. 10(11)(b)(1), comply with that balancing requirement.

We do not read *Wardius* or *Walton* to say that due process requires the State to reveal nonexamining rebuttal witnesses whose testimony is unknown, and actually unknowable, before the defendant presents his case. All that *Wardius* and *Walton* require is that the parties be treated the same. Criminal rule 10(11) accomplishes that end, and the State complied with that rule here.

■ II. There is another obstacle to Greiman's postconviction relief. In addition to showing failure of counsel to perform an essential duty, a postconviction applicant must establish prejudice. *State v. Hill*, 449 N.W.2d 626, 628 (Iowa 1989); *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989). Greiman bears the burden of proof on both requirements. *Id.*

■ Our review of postconviction claims involving constitutional questions is de novo, and we make an independent evaluation of the totality of the circumstances. *Id.* at 79–80; *Kane v. State*, 436 N.W.2d 624, 626 (Iowa 1989). We agree with the trial court's assessment of this issue. The transcript shows that the defense lawyer's cross-examination of the State's rebuttal witness was very thorough and revealed a considerable understanding in both the general area of psychiatry and the specific issues involved. Moreover, it revealed that the defense counsel was aware of any points of vulnerability in the State's witness. In short, the cross-examination was, as the trial court observed, probably as effective as it could have been if Greiman had been given notice before the trial. As the district court noted in its postconviction ruling,

> [t]he Applicant's counsel did not object to this [rebuttal] witness, nor did they move for a continuance or a mistrial because of the calling of this witness. Both Attorney Scalise and Attorney McGuire indicated that they thought that the cross-examination of Dr. Larsen was effective and it was indicated that from a trial strategy point of view the attorneys felt it made more sense to proceed with their cross-examination rather than to object, or request a continuance or a mistrial. Indeed, a review of the cross-examination of Dr. Larsen by Defendant's counsel leads this Court to believe that the cross-examination was not only effective but probably could not have been more effective even if the attorneys had months to prepare for it.

■ We agree with the trial court's assessment on the question of prejudice. In conclusion, we hold that the State was not required to divulge the identity of its rebuttal witness prior to trial, and in any event, Greiman has failed to establish the necessary showing of prejudice. We therefore vacate the court of appeals decision and affirm the district court.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.