STATE of Iowa, Appellee,

v.

Alan K. BICKELL, Appellant.

No. 91–1844.

Court of Appeals of Iowa.

Sept. 29, 1992.

Timothy McCarthy II of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., John Sarcone, County Atty., Ray Blase, Marcia Schober and James N. Ramey, Asst. County Attys., for appellee.

Heard by DONIELSON, P.J., HAYDEN, J., and KEEFE, Senior Judge.*

HAYDEN, Judge.

The issue in this case is whether the juvenile court erred in granting the State's motion to waive jurisdiction pursuant to Iowa Code section 232.45. We hold the juvenile court properly waived jurisdiction and ordered Alan Bickell transferred to district court for prosecution as an adult. We affirm.

On February 17, 1991, Alan Bickell and his brother, Michael, were leaving Valley West Mall, which is located in West Des Moines. At the time of this incident Alan was sixteen years and seven months old, and Michael was eighteen years and one month old. As they crossed the parking lot, a car driven by Clint Allen passed and swerved at or drove close to Michael. Alan and Michael got into Alan's van, and Michael told Alan to follow Clint's car. Michael then removed a short-barreled, twelve-gauge shotgun from the rear of the van. The gun had been in the rear of the van for a day or two, with Alan's knowledge. Michael pointed the gun out of the passenger window while Alan drove the van chasing Clint around the parking lot. Several times Michael pumped the shotgun as though driving a shell into the chamber.

The chase wound around the mall parking lot for some distance. Finally, Clint drove north on the west side of the buildings and exited the parking lot east on University Avenue with the van in pursuit. Clint turned south off University onto Thirty-first Street, which is the first street east of the mall complex. At some point during the chase Michael had removed a shell with a deer slug from his pocket and loaded the shotgun. As Alan approached the intersection of Thirty-first Street and University, Michael fired the shotgun into Clint's car. The slug struck Clint, causing his death shortly thereafter.

On February 18, 1991, the State filed a petition in juvenile court alleging Alan committed or aided and abetted in the commission of the delinquent act of first-degree murder. The State amended the petition to include terrorism. On March 27, 1991, the State filed a motion to waive jurisdiction of the juvenile court.

On April 31, 1991, the juvenile court entered an order sustaining the State's motion and waiving juvenile court jurisdiction. On May 2, 1991, Alan filed a notice of appeal, a request for an emergency stay, and an application for discretionary review. In a single justice order the court stated the proper form of appellate review was an application for interlocutory appeal. The justice denied Alan's request for an interlocutory appeal on May 13, 1991. Alan then moved for review of the single justice order. On May 16, 1991, a three-justice panel denied Alan's motion and confirmed the May 13 order stating "appellant has failed to demonstrate that the juvenile court abused its discretion in waiving juvenile court jurisdiction over appellant."

Alan was tried with his brother on September 25, 1991. The jury found Alan guilty of involuntary manslaughter and terrorism. On December 3, 1991, the trial court judge sentenced Alan to five years in prison for each of the charges to run concurrently.

█ Alan filed this appeal and contends the juvenile court erred in waiving its jurisdiction.

*Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

Iowa Code section 232.45 vests discretion in the juvenile court when ruling on a waiver application. *State v. Greiman,* 344 N.W.2d 249, 251 (Iowa 1984) (citing Iowa Code § 232.45(6) (1989)). Our standard of review is de novo only to the extent of examining all the evidence to determine whether the juvenile court abused its discretion in ordering waiver of jurisdiction. *Id.; In re T.D.,* 335 N.W.2d 638, 638–39 (Iowa App.1983). Iowa Code section 232.-45(6) sets forth the conditions under which the juvenile court may waive jurisdiction:

a. The child is fourteen years of age or older; and

b. The court determines, or has previously determined in a detention hearing under section 232.44, that there is probable cause to believe that the child has committed a delinquent act which would constitute a public offense; and

c. The court determines that the state has established that there are not reasonable prospects for rehabilitating the child in the event the juvenile court retains jurisdiction over the child and the child is adjudicated to have committed a delinquent act, and that waiver of the court's jurisdiction would be in the best interest of the child or the community.

Iowa Code § 232.45(6) (1991).

Alan admitted criteria (a) and (b) of Iowa Code section 232.45(6) have been met. Alan challenges the third criteria for waiving jurisdiction under this section. The juvenile court considered the fact Alan had no prior juvenile court involvement; however, the court also considered the nature and circumstances of the case. The juvenile court noted the dispositional options available to the juvenile court were limited due to the overcrowding at the Boys Training School and the fact most group homes would not accept Alan due to the nature of the offense. The juvenile court rejected Alan's suggestion of placement in the Glen Mills Schools in Pennsylvania because of the type of children in the program and the fact it did not offer psychological or counseling programs. At the time of the trial, there were approximately only fifteen months until Alan would become eighteen years of age. The juvenile court expressed concern over the fact if it retained jurisdiction this period of time would be insufficient to provide Alan with the needed services. Based upon these facts, the juvenile court found it would be in the best interests of Alan and the community for the juvenile court to waive its jurisdiction.

In determining whether the State has satisfied section 232.45(6)(c), the trial court should have considered but was not limited to the following factors:

a. The nature of the alleged delinquent act and the circumstances under which it was committed.

b. The nature and extent of the child's prior contacts with juvenile authorities, including past efforts of such authorities to treat and rehabilitate the child and the response to such efforts.

c. The programs, facilities and personnel available to the juvenile court for rehabilitation and treatment of the child, and the programs, facilities and personnel which would be available to the court that would have jurisdiction in the event the juvenile court waives jurisdiction so that the child can be prosecuted as an adult.

Iowa Code § 232.45(7) (1991). This subsection "confers broad discretion upon the court to consider such factors as it deems relevant in determining whether it ought to waive jurisdiction in a particular case." *In re T.D.,* 335 N.W.2d at 639.

The Iowa Supreme Court interpreted Iowa Code section 232.45 in *State v. Greiman,* 344 N.W.2d 249 (Iowa 1984). The court stated "[a]ll [the statute] requires is a weighing of the respective prospects for rehabilitation offered by the juvenile and adult systems." *Id.* at 251. In determining whether to waive its jurisdiction, the juvenile court properly considered all of the following factors in reaching its decision: the nature of the offenses of first-degree murder and terrorism, Alan's lack of previous contact with the juvenile court, the limited rehabilitative alternatives available to the juvenile court, evidence showing Alan's need for professional psychological

treatment, and the short period of time during which rehabilitation could occur.

The juvenile court's consideration of the alleged offenses was proper. In fact, the Iowa Supreme Court has stated "the nature of the act weighs strongly in favor of waiver." *Id.* As stated in *Greiman*, the juvenile court officer's recommendation should be entitled to considerable weight. *Id.* In this case, the juvenile court officer recommended waiver. In addition, the juvenile court expressed concern it would be unable to retain jurisdiction long enough to ensure Alan received rehabilitative treatment. At the time of the hearing, Alan was sixteen years and nine months old. Thus the juvenile court's jurisdiction over Alan would terminate approximately fifteen months after the trial if the juvenile court had retained jurisdiction. The court considered the rehabilitation opportunities provided by both systems and concluded rehabilitation could not occur under the jurisdiction of the juvenile court.

We hold the waiver of jurisdiction by the juvenile court is supported by sufficient evidence. The juvenile court did not abuse its discretion in waiving its jurisdiction and ordering Alan's transfer to district court for prosecution as an adult. We affirm the district court.

AFFIRMED.