**STATE of Iowa, Appellee,**

v.

**Filomeno CASTILLO, Jr., Appellant.**

No. 92–1689.

Court of Appeals of Iowa.

Dec. 29, 1993.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Halligan Brown, Asst. Atty. Gen., Paul L. Martin, County Atty., and Greg Rosenbladt, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Filomeno Castillo, Jr. appeals from the judgment of conviction and sentence of three counts of disseminating or exhibiting obscene material to minors, in violation of Iowa Code section 728.2 (1993) and one count of sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3 (1993), imposed after a trial to the court. We affirm.

Officers found graphic sexual language and art work on a number of cement slabs near a nature trail. A note promised if the reader would leave a blank videotape, the writer would film himself naked and return the tape. An officer returned and left a blank tape.

The officer later discovered the tape had been replaced with a note asking the age of the party leaving the tape, and stating the writer hoped the other party was young. The officer responded in the name of David Johnson. David Johnson is a fictitious person.

The officer later found a note showing a hand-drawn depiction of a boy engaging in oral sex with another male and a videotape of a male masturbating.

A man matching defendant's description was seen entering the bathroom of a K–Mart store. After he left, police found a drawing under the sink of a young boy performing oral sex on a male. Defendant was arrested.

Iowa Code section 728.2 (1993), under which defendant was convicted of three counts, provides:

> Any person, other than the parent or guardian of the minor, who knowingly disseminates or exhibits obscene material to a minor, including the exhibition of obscene material so that it can be observed by a minor on or off the premises where it is displayed, is guilty of a public offense and shall upon conviction be guilty of a serious misdemeanor.

The issue defendant raises is whether Iowa Code section 728.2 is intended to apply to a defendant who, with every intention to consummate a violation, unwittingly disseminates the materials to adult police detectives, an act not prohibited by law. Defendant argues it is not, and that his convictions are not supported by sufficient evidence.

The test is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Robinson,* 288 N.W.2d 337, 339 (Iowa 1980) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)). This court applies the test in view of all the evidence presented, not just that supportive of guilt. *Robinson,* 288 N.W.2d at 340. The ultimate burden is on the State to prove every fact necessary to constitute the crime with which a defendant is charged. *State v. Gibbs,* 239 N.W.2d 866, 867 (Iowa 1976) (citing *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970)).

The district court found, in response to an anonymous invitation on a cement slab near the Lime Creek Nature Trail to "leave me a blank video and I will tape myself naked for you", Mason City police officers initiated correspondence with the author in the name of a fictitious blond-haired 15–year–old by the name of David Johnson. In one note, defendant expressed hope that Johnson was "10—11—12—13—14 years old" and a desire to engage in oral sex with the youngster. While police did recruit a 15–year–old boy for the purpose of retrieving any materials left by defendant, all three items determined by the district court to constitute obscene materials were discovered by adult police officers.

Defendant argues even if he intended to disseminate obscene material to a minor so it could be observed by the minor, and he took steps toward fruition of his intent, no crime was completed because "David Johnson" was not a minor, but a collection of adult police officers.

The State argues defendant's argument ignores the express language of Iowa Code section 728.2 which provides:

Any person, other than the parent or guardian of the minor, who knowingly disseminates or exhibits obscene material to a minor, *including the exhibition of obscene material so that it can be observed by a minor* on or off the premises where it is displayed, is guilty of a public offense and shall upon conviction be guilty of a serious misdemeanor. (Emphasis added).

In construing statutes, effect must be given to the entire statute. *See In re Clay*, 246 N.W.2d 263, 265 (Iowa 1976). The State argues had the legislature stopped after the phrase "knowingly disseminates or exhibits obscene material to a minor", defendant's argument would be meritorious because no minor actually observed defendant's obscene material, but the latter portion of that statute prohibits dissemination or exhibition of obscene material at a location where a minor *could* observe it. We agree with the State and affirm on this issue.

Defendant additionally contends he is entitled to a new trial on his conviction of sexual abuse in the second degree in violation of Iowa Code sections 709.1 and 709.3 (1993). Prior to trial, defendant filed a motion to sever counts arguing the obscene materials which formed the basis of the three counts of disseminating obscene material to a minor were prejudicial, irrelevant and immaterial and its prejudicial effect outweighed its probative value so the count of sexual abuse should be tried separately.

Iowa Rule of Criminal Procedure 6(1) provides:

Two or more public offenses which arose from ... two or more transactions or occurrences constituting parts of a common scheme or plan may be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

The limits of the district court's discretion to consolidate several offenses in a single trial were delineated in *State v. Bair*, 362 N.W.2d 509 (Iowa 1985):

The trial court is to order severance where the defendant shows his or her "interest in receiving a fair trial uninfluenced by the prejudicial effects which could result from

a joint trial [are] outweighed [by] the State's interest in judicial economy."

*Id.* at 511 (citing *State v. Trudo*, 253 N.W.2d 101, 104 (Iowa 1977)).

After defendant made the motion, he waived a jury trial. His trial counsel conceded the motion to sever was moot, obviously based upon a belief that the district court would be more adequately qualified to categorize the evidence. The district court made it clear its decision defendant was guilty of sexual abuse was based upon its finding the testimony of the victim was more credible than that of the defendant.

Defendant argues this conclusion by the trial court was based at least in part upon evidence supporting the convictions under the other counts.

The victim, who was fourteen years old at the time of trial, testified that in July 1989, when he was eleven years old, he was a friend of defendant's son and was in defendant's home on a daily basis.

The victim testified in the summer of 1989, he went to defendant's home and defendant asked him if he wanted to watch a movie. Defendant played a videotape showing a man and a woman engaged in intercourse. As the movie played, defendant repeatedly asked the victim whether he "liked what [he] saw." The defendant then approached the victim, who was sitting in a chair, restrained him, put his hand down the victim's clothing, and began "playing" with the victim's penis. Defendant also asked the victim to touch defendant's penis but the victim refused.

Defendant admitted he was home alone on the weekend in question. He also admitted he was watching a sex video when the victim arrived at his house. Defendant claims the victim walked into the living room and began watching the movie. Defendant said he had forgotten the movie was playing. When defendant realized the victim was watching the television, he told the victim to leave and "grabbed him and ... put my hand in his crotch and he got away from me, and he was mad." Defendant claimed the victim was angry because in doing this alleged wrestling

hold, defendant had discovered the victim had an erection.

The district court stated it found the testimony of the victim to be more credible than defendant's. The court's ruling is supported by substantial evidence, and defendant's conviction should not be disturbed.

AFFIRMED.