**In the Interest of C.W.R., A Child,**

**State of Iowa, Appellant.**

No. 93–1181.

Supreme Court of Iowa.

June 22, 1994.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Judy Sheirbon, Asst. Atty. Gen., and Marleen Loftus, Asst. County Atty., for appellant State.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for child.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

This case comes before us on an interlocutory appeal from a denial of the State's motion to waive jurisdiction over a juvenile, C.W.R., to the district court. We affirm.

## I. Background Facts and Proceedings.

In April 1993, the State filed a delinquency petition alleging that C.W.R. had committed three counts of sexual abuse in the second degree. C.W.R. stipulated at his detention hearing that there was probable cause to believe he committed the acts of sexual abuse. When the petition was filed C.W.R. was sixteen years and eight months of age. The State requested that jurisdiction of the case be transferred to adult court.

At the waiver hearing in May all the witnesses, except the juvenile court officer and the director of the Boys and Girls Home in Sioux City, recommended that C.W.R. remain in the juvenile court system and obtain treatment in a residential facility. Upon the conclusion of the hearing, the parties agreed that C.W.R. would be evaluated at Charter Hospital in Dallas, Texas at his parents' expense.

After C.W.R.'s evaluation at Charter Hospital was completed, that facility recommended that C.W.R. remain in the juvenile court system. Charter also recommended placement of C.W.R. in a residential treatment facility.

The waiver hearing reconvened in July 1993. Testimony at that hearing included opinions by medical professionals that C.W.R. should remain under juvenile court jurisdiction. Evidence was also introduced, however, that C.W.R. could not complete a treatment program within the time the juvenile court retained jurisdiction over him.

In ruling on the waiver motion, the juvenile judge considered the factors set forth in Iowa Code section 232.45(6) (1993). He concluded that there were reasonable prospects for rehabilitation of C.W.R. within the juvenile system and that transfer of C.W.R. into the adult system would not be in his best interests. *See* Iowa Code § 232.45(6) (1993). Therefore, the court denied the motion to waive jurisdiction.

The State first appealed to the district court pursuant to Iowa Code section 602.-7103. Subsequently, the State withdrew its appeal to the district court and filed a request for an interlocutory appeal with this

court. *See* Iowa R.App.P. 2. That request was granted.

## II. *Jurisdiction to Consider Appeal.*

C.W.R. asks us to dismiss this appeal for three reasons: (1) the State failed to appeal to the district court as a prerequisite to an appeal to this court; (2) no appeal is allowed from an interlocutory order in a juvenile matter; and (3) if the State is allowed to appeal, the juvenile's right to equal protection of the laws is violated. We address each contention separately below.

■ A. C.W.R. argues that we should dismiss the State's appeal because the State did not follow the proper procedure for appeals set out in section 602.7103. He claims that section 602.7103 requires the State to seek direct review of the order entered by the associate juvenile judge in the district court before appealing to our court. The State contends that section 602.7103 gives parties the right to appeal to the district court but does not preclude a direct appeal to the appellate court if properly requested pursuant to Iowa Code section 232.133 for final orders or pursuant to Iowa Rule of Appellate Procedure 2 for interlocutory orders. We agree with the State.

Section 602.7103(3) provides in part:

> The parties to any [proceeding other than a termination of parental rights proceeding] heard by an associate juvenile judge are entitled to appeal the order, finding, or decision of an associate juvenile judge, to the district court.

Iowa Code § 602.7103(3) (1993). Before its amendment in 1992, this section used substantially the same language in referring to appeal rights from the ruling of a referee in juvenile matters:

> The parties to a proceeding heard by the referee are entitled to a review by the judge of the juvenile court of the referee's order, finding, or decision, if the review is requested within ten days after the entry of the referee's order, finding, or decision.

Iowa Code § 602.7103(3) (1991).

In considering section 602.7103 prior to the 1992 amendment, we said that parties are not required to seek a juvenile court judge's review of a referee's decision in order to render the decision final for purposes of review. *In re D.L.C.,* 464 N.W.2d 881, 882 (Iowa 1991); *In re D.W.K.,* 365 N.W.2d 32, 34 (Iowa 1985). We give amended section 602.7103 a consistent interpretation. The language "entitled to a review" is the same in both the new and old statutes. We read this language to mean that the parties *may* seek review by the district court of the associate juvenile judge's order but are not required to do so as a prerequisite to review at the appellate level.

■ B. C.W.R. next argues that an order denying or granting a waiver motion is interlocutory and may not be appealed. He cites the case of *In re Clay,* 246 N.W.2d 263 (Iowa 1976). In *Clay,* we explained that an order transferring a cause from one state court to another is ordinarily deemed to be interlocutory, therefore, not final and appealable of right. *Clay,* 246 N.W.2d at 264. We noted that appeals from the juvenile court must follow the same rules applicable to appeals from the district court. *Id.* at 265. Because the juvenile in *Clay* had not obtained permission to appeal the juvenile court's interlocutory order transferring jurisdiction to adult court, we dismissed the juvenile's appeal. *Id.* at 266.

In contrast, here the State requested and was granted an *interlocutory* appeal. *See* Iowa R.App.P. 2. Consequently, we have jurisdiction to review the associate juvenile judge's order denying the State's waiver motion.

■ C. C.W.R.'s final argument supporting dismissal of this appeal is based on the Equal Protection Clause. U.S. Const. amends. V, XIV. He correctly contends that whatever avenue of appeal is allowed in juvenile proceedings must be applied equally to both parties. *See Shortridge v. State,* 478 N.W.2d 613, 615 (Iowa 1991) (statute giving the State but not inmates the right to a direct appeal from prison disciplinary decisions violated inmates' right to equal protection of the laws).

C.W.R. claims that allowance of an interlocutory appeal here coupled with the dis-

missal of the appeal in *Clay* establishes different standards for appeal by the State and the juvenile. However, C.W.R. ignores the procedural distinction discussed above between this case and *Clay*. In *Clay*, the juvenile filed a direct appeal from an interlocutory order without permission. Here, the State requested permission to appeal and was granted that right. C.W.R.'s equal protection claim fails because there is no disparate treatment of juveniles and the State. Either party may apply for an interlocutory appeal; the juvenile in *Clay* simply failed to do so.[1]

III. *Waiver.*

The waiver statute, Iowa Code section 232.45, vests discretion in the juvenile court ruling on the waiver application. Our review of the associate juvenile judge's decision to deny the waiver motion is de novo in that we examine all the evidence to determine whether the court abused its discretion. *State v. Greiman*, 344 N.W.2d 249, 251 (Iowa 1984).

Section 232.45(6) provides that, following a waiver hearing, the court may waive jurisdiction if the following criteria are met: (a) the child is fourteen or older; (b) the court finds probable cause to believe the child has committed the delinquent act; and

(c) The court determines that the state has established that there are not reasonable prospects for rehabilitating the child if the juvenile court retains jurisdiction over the child and the child is adjudicated to have committed a delinquent act, and that waiver of the court's jurisdiction would be in the best interest of the child or the community.

Iowa Code § 232.45(6) (1993). The parties do not dispute that the first two criteria were met in this case. However, the juvenile court concluded the third requirement was not met because there were reasonable prospects for rehabilitating C.W.R. within the juvenile court system. The State disputes this conclusion on appeal.

Iowa Code section 232.45(7) provides guidance to courts in making the determination required under section 232.45(6)(c). The factors which the court shall consider include but are not limited to the following:

a. The nature of the alleged delinquent act and the circumstances under which it was committed.

b. The nature and extent of the child's prior contacts with juvenile authorities, including past efforts of such authorities to treat and rehabilitate the child and the response to such efforts.

c. The programs, facilities and personnel available to the juvenile court for rehabilitation and treatment of the child, and the programs, facilities and personnel which would be available to the court that would have jurisdiction in the event the juvenile court waives its jurisdiction so that the child can be prosecuted as an adult.

Iowa Code § 232.45(7) (1993). After reviewing the record and considering the factors listed in section 232.45(7), we conclude that the associate juvenile judge did not abuse his discretion in denying the State's motion to waive jurisdiction.

C.W.R. has no previous juvenile record. He does well in school and other than his acts of sexual abuse, he has not engaged in antisocial behaviors. C.W.R. and his parents have been cooperative in his treatment and C.W.R. made good progress in the short time he was treated in Texas.

The witnesses who testified at the waiver hearings were overwhelmingly in favor of C.W.R. remaining in the juvenile system. More important, however, there was testimony to support a conclusion that the juvenile system offered prospects of rehabilitation for C.W.R. Finally, several witnesses testified that C.W.R. would not do well in an adult treatment program because of his emotional immaturity.

The State's primary concern with leaving C.W.R. in the juvenile court system is the possibility he cannot complete a treatment program before he reaches his majority and

---

**1.** At the time of the *Clay* decision, the rules did not allow the Supreme Court to treat an improvidently filed appeal as an application for interlocutory appeal. *Compare* Iowa R.Civ.P. 331, 332 (1975) *with* Iowa R.App.P. 1(c).

the court loses its jurisdiction over him. The juvenile court noted that C.W.R. is aware that the State may file another petition against him alleging that he sexually abused his younger sister. The prospect of another prosecution in adult court would provide motivation for C.W.R. to complete a treatment program despite the juvenile court's loss of jurisdiction over him.

We conclude that the associate juvenile judge did not abuse his discretion in denying the State's motion to waive jurisdiction of C.W.R. to adult court. The juvenile judge's order is affirmed. The juvenile court may make any further orders it deems appropriate.

**AFFIRMED.**