**In the Interest of Jeanene FREUND and Karen Freund, children.**

**No. 2–56373.**

Supreme Court of Iowa.

March 27, 1974.

Robert L. Horak, of Reading, Pauley & Horak, Jefferson, for appellants.

Gerald W. Magee, of Cudahy, Wilcox, Handley & Magee, P. C. Jefferson, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

MOORE, Chief Justice.

This is a juvenile court proceeding instituted by the Greene County Attorney to have children declared neglected and dependent. Also to terminate the parent-child relationship between Jeanene Freund, born January 31, 1968 and her sister Karen, born January 1, 1970 and their divorced parents Kenneth W. Freund and Irene Freund Kuebler.

Following a hearing held on various days during a five-month period, primarily because of the judge's demanding schedule in other parts of the district, the court on April 24, 1973 entered the following order:

"That this matter be continued for an indefinite period, not to exceed one year, and that during said period of continuation, the temporary care, custody and control of the minor children, Jeanene Freund and Karen Freund, be placed with their father, Kenneth Freund.

"That prior to the expiration of said period, or at any time ordered by this court, one or more hearings, as necessary, shall be held to determine the current status of the minor children and/or for the purpose of final determination of the petition for termination of child-parent relationship.

"That during the period of temporary custody herein granted to Kenneth Freund, the Greene County Department of Social Welfare shall, at least monthly, make and conduct a spontaneous and unannounced investigation at the residence of Kenneth Freund and make and conduct such other and further investigation as may be necessary by said department to ascertain and determine the care, treatment and surroundings afforded the minor children by Kenneth Freund. The department shall, after concluding each investigation, prepare a written report setting forth its findings. Said reports shall be timely filed herein and copies shall be forwarded to this court.

"That Irene Freund Kuebler is granted visitation rights during the period of temporary custody on the 1st and 3rd Sundays of each month, beginning in May 1973, between the hours of 3:00 P. M. and 5:00 P.M. Such visitations shall take place at the residence of Kenneth Freund, and the children are not to be removed from the premises by her. It shall be the duty of Kenneth Freund to make every effort to encourage such visitations and to conduct them in a congenial atmosphere, so as to afford Irene Freund Kuebler actual and meaningful visitations, to and including complete removal of himself from his residence during the periods of visitation, if necessary.

"That the Court retains jurisdiction herein, and that Kenneth Freund shall not change the residence of the minor children from Greene County without prior order of this Court approving such change, and that under no circumstances shall the said Kenneth Freund remove said children from the State of Iowa without obtaining approval of this Court.

"That Robert Horak shall continue to act as attorney for the children herein during the period of temporary custody, and shall continue to act in the best interests of the children and represent their interests at public expense.

"That Attorney Charles Hird's representation of Irene Freund Kuebler herein at public expense be, as of the date of this order, terminated. This Court does not intend to nor does it preclude any application for reappointment of counsel at public expense by Irene Freund Kuebler.

"That the Greene County Department of Social Welfare shall, within a reasonable time, and in any event within 10 days from the filing of this order, deliver physical custody of the minor children to Kenneth Freund."

I. Only court appointed counsel for the children has appealed. Code section 232.58 provides: "An interested party aggrieved by any order or decree of the court may appeal to the supreme court for review of questions of law and fact. * * *." See also In re Interest of Chambers, 261 Iowa 31, 34, 152 N.W.2d 818, 820. The only other party participating in this appeal is the father-appellee.

◼ Appellant asserts the juvenile court judge abused his discretion in continuing the investigation and hearing. Counsel argues the judge should have decided the issues and that this court should do so. Appellee points out the unusual nature of this appeal in that it is not from a final order or judgment. He argues and we agree we have nothing to review de novo other than whether the juvenile court judge abused the discretion granted under the provisions of Code chapter 232.

In addition to the appendix and the well-prepared briefs, we have carefully considered the 551 page court reporter's transcript of the juvenile court proceedings. We conclude there was no abuse of discretion and this case must be remanded for further proceedings, including taking of evidence of developments during this appeal. Therefore we summarize very briefly the record before us.

Kenneth Freund and Irene Lyon, high school drop outs, were married March 14, 1966. Kenneth was inducted as a member of the United States Army August 10, 1966 and discharged in May 1968. He was honorably discharged after more than a year combat service in Vietnam. The marriage relationship with Irene was resumed and continued until June 19, 1971 when the parties separated. A dissolution decree was entered June 15, 1972. It included: "It is the further finding of this Court that neither of the parties show any signs of being a proper parent or person for custody of the children herein and that the best interests of the children require their custody be turned over to the Greene County Department of Social Services for placement in a foster home and it is so ordered." Kenneth was ordered to pay $35 and Irene $10 per week child support. The parents were granted visitation rights. Kenneth has regularly paid child support. Irene has not.

On August 14, 1972 this action was commenced with the filing of a petition in Greene County Juvenile Court. It alleged the two minor Freund girls were "neglected and dependent children within the meaning of chapter 232 * * *, they need special care, assistance, guidance, and control which their parents have refused to give them."

It further sought termination of the parent-child relationship on the ground: "That the parents are unfit by reason of debauchery, intoxication, repeated lewd and lascivious behavior or other conduct found by the Court likely to be detrimental to the physical or mental health or morals of the children." Such is the ground provided by section 232.41, subd. 2(d).

The record discloses much evidence to support particularly the ground for termination. It relates to excessive drinking and immoral conduct on repeated occasions during the parents' marriage. It includes admitted spouse trading. There is no evidence of physical abuse by the father. He repeatedly attempted to see his children after the divorce. Permission to do so was refused by the social services agency. He continued to pay child support.

The father admitted past undesirable conduct but presented substantial evidence of a complete change of his life style. He had remarried, held steady employment, worked much overtime, paid his delinquent debts, stayed home at nights and greatly cooperated with Mrs. Finley, the social worker.

◼ II. Exclusive jurisdiction is in the juvenile court to hear and decide the issues of neglect, dependency and termination. Code section 232.63. The dissolution of

marriage court cannot act. In re Interest of Warren, Iowa, 178 N.W.2d 293, 297. The District Court order of June 15, 1972 is of no force and effect in this juvenile court proceeding.

III. We have repeatedly held in matters of this kind the primary consideration is the welfare and best interest of the child or children. In Interest of Wardle, Iowa, 207 N.W.2d 554, 556, 557, and citations. Determination thereof necessarily is based on what is likely to occur in the future because of the present conditions and because of what has occurred in the past. In re McGlasson, Iowa, 195 N.W.2d 116, 118, and citations. The general applicable principle, which no doubt caused the juvenile court judge great concern is thus enunciated in 59 Am.Jur.2d, Parent and Child, section 40, pages 126, 127: "That a parent has once been guilty of misconduct or even child neglect, is not alone sufficient to deprive him of the custody of his child, where there is nothing to show he is not presently a fit and capable custodian for the child."

IV. As pertinent, section 232.27 provides: "Hearings may be continued from time to time and in the interim the court may make such orders as it deems in the best interests of the child."

Section 232.33 includes:

"If the court finds that the child is neglected or dependent, the court shall enter an order making any one or more of the following dispositions of the case:

"1. Continue the proceedings from time to time under such supervision as the court may direct.

"2. Place the child under the protective supervision of the county department of social welfare or a child placing agency in the home of the child under the conditions prescribed by the court directed to the correction of the neglect or dependency of the child.

"3. * * *."

Section 232.47 provides:

"If after a hearing the court does not terminate the parent-child relationship but determines that conditions of neglect or dependency exist, the court may find the child neglected or dependent and may enter an order in accordance with the provisions of section 232.33."

"We believe the clear intention of chapter 232 is to provide for the exercise of continuing control, supervision and jurisdiction by the juvenile court over its minor subjects until the cause is dismissed or otherwise terminated." In re DeRocher, Iowa, 187 N.W.2d 730, 731.

We hold the juvenile judge did not abuse his discretion by entry of the April 24, 1973 order. This cause is remanded for further proceedings, including taking of evidence of possible condition changes since the above date.

Affirmed and remanded.