**In the Interest of Jodi A. MATZEN, A child, Appellant.**

No. 65083.

Supreme Court of Iowa.

May 13, 1981.

John L. Timmons of Pasley, Singer, Pasley, Holm & Timmons, Ames, for appellant.

Thomas J. Miller, Atty. Gen., John G. Black, Spec. Asst. Atty. Gen., Brent D. Hege and Francis C. Hoyt, Asst. Attys. Gen., and Ralph Rosenberg, Asst. Story County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

In this delinquency proceeding we granted appeal in advance of final judgment in order to review issues generated by the juvenile court's denial of the juvenile's motion for a consent decree under section 232.-46, The Code 1979. We now affirm in part, reverse in part, and remand for further proceedings.

January 8, 1980, a delinquency petition was filed in Story County district court alleging Jodi A. Matzen had committed a delinquent act as defined in section 232.-2(11)(a), The Code 1979, by false use of a financial instrument on four occasions. A second petition filed March 19, 1980, alleged nine subsequent charges, eight involving false use of a financial instrument (forged checks) and one charging fifth-degree theft (bad check).

May 14, 1980, the juvenile filed a motion pursuant to section 232.46, The Code, requesting "that the delinquency proceedings be suspended and that she be placed on probation pursuant to a Consent Decree." The State's oral resistance at the motion hearing was grounded on the "severity of the charge itself as well as the number of charges pending."

In its order overruling the motion, the court found the juvenile had failed to meet her "burden ... to demonstrate by clear and convincing evidence that a Consent Decree is appropriate." Appealing, the juvenile raises the issues addressed in the following divisions.

I. *Did the court's imposition of the burden of proof on the juvenile, by a standard of clear and convincing evidence, deprive her of constitutional due process?*

This appeal brings under scrutiny, for the first time, section 232.46, The Code. This statute provides in relevant part:

1. At any time after the filing of a petition and prior to entry of an order of adjudication ... the court *may* suspend the proceedings *on motion of the county attorney or the child's counsel,* enter a consent decree, and continue the case under terms and conditions established by the court. These terms and conditions may include the supervision of the child by a juvenile probation officer or other agency or person designated by the court.

2. A consent decree shall not be entered unless the child and his or her parent, guardian or custodian is informed of the consequences of the decree by the court and the court determines that the child has voluntarily and intelligently agreed to the terms and conditions of the decree. If the county attorney objects to the entry of a consent decree, the court *shall* proceed to determine the appropriateness of entering a consent decree *after consideration of any objections or reasons for entering such a decree.*

(Emphasis supplied.)

The juvenile argues the court was wrong in imposing on her the burden to support her consent decree motion by clear and con-

vincing evidence. She starts from the premise that the allocation and degree of burden of proof are matters of substantial rights and due process in juvenile delinquency proceedings, citing, *inter alia, In re Winship,* 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377–78 (1970), and *In Interest of Thompson,* 241 N.W.2d 2, 4 (Iowa 1976). She then asserts the consent decree alternative is a preadjudication disposition procedure. *See* Packel, *A Guide to Pennsylvania Delinquency Law,* 21 Vill.L. Rev. 1, 61 n.389 (1975) ("[F]or all practical purposes [the consent decree] is a type of disposition alternative, although it usually precedes and precludes an adjudication of delinquency."). So viewed as a dispositional proceeding, the juvenile contends she should have no burden of proof.

The State asserts adopting such a rationale would mean that when a child merely moves for a section 232.46 consent decree a presumption of appropriateness would attach and the State would be required to prove the proposed decree was inappropriate by clear and convincing evidence. This, the State claims, ignores all the pre-petition protective procedures. The intake officer must have determined the complaint is legally sufficient and that filing a petition is in the best interests of the child and the public. § 232.28(9), The Code. An informal adjustment, the first diversionary technique, must have been rejected. § 232.-28(8), The Code. The matter must have been reviewed and a determination made by the county attorney to file the petition. § 232.35(2), The Code. The State argues that if the child moves to reverse these decisions and reviews, he or she should carry the burden to show the appropriateness of the consent decree.

■ We are convinced the burden is on the juvenile to show the appropriateness of his or her proposed consent decree. She made the motion. It is hornbook law that ordinarily the burden rests on the movant to support his or her motion. 60 C.J.S. *Motions and Orders* § 37(5) (1969); *cf.* Iowa R.App.P. 14(f)(5) ("Ordinarily the burden of proof on an issue is upon the party who would suffer loss if the issue were not established.").

■ When a petition is filed following the several prior procedures designed to protect and shelter the child, there should be no presumption, arising prior to the adjudicatory stage and on the mere filing of a motion, that derailing the normal course of the proceeding is an appropriate disposition. As here, a consent decree motion filed by the juvenile ordinarily will elicit evidence if opposed by the State. One of the parties must proceed first with the proof. Assuming conflicting evidence leaves the issue in equipoise, we sense no sound public policy that would dictate entering a consent decree.

■ We find no due process violation in imposing on the juvenile the burden to support her own pre-adjudicative motion. We hold her burden to show the "appropriateness" of a consent decree simply imposed on her the burden to show, by a preponderance of evidence, good cause for implementing this diversionary option. This consent-decree hearing did not involve the adjudicatory process where the burden is on the State to prove beyond a reasonable doubt the child committed a delinquent act. *See Winship,* 397 U.S. at 368, 90 S.Ct. at 1075, 25 L.Ed.2d at 377–78; *In Interest of Meek,* 236 N.W.2d 284, 290 (Iowa 1975); § 232.-47(10), The Code. The juvenile's argument that section 232.46 is unconstitutionally vague in its failure to specify the allocation and level of proof is answered by this opinion, which provides appropriate guidelines. *See In Interest of Hewitt,* 272 N.W.2d 852, 857 (Iowa 1978); *State v. Monroe,* 236 N.W.2d 24, 37 (Iowa 1975).

Of course in this instance the juvenile had notice, counsel, and compulsory process. She presented evidence and had the opportunity to cross-examine the State's witnesses. *See In Interest of Johnson,* 257 N.W.2d 47, 49 (Iowa 1977).

■ In the final analysis, this issue is one of statutory interpretation. Interpreting section 232.46 as merely imposing on the juvenile the burden to show, by a prepon-

derance of the evidence, good cause for sustaining her motion to enter a consent decree in a delinquency proceeding moots any constitutional due process issues. Trial court rightly allocated the burden of proof to this juvenile, but erred in the standard of proof imposed.

II. *Did trial court abuse its discretion in overruling the juvenile's motion for consent decree?*

This juvenile relies on several aspects of the proceeding and the court's ruling to support her contention the court abused its discretion in overruling her motion for consent decree.

Disposition of this issue requires us to analyze our scope of review in this situation. We review trial court's adjudicatory determination de novo. *Meek*, 236 N.W.2d at 289; § 232.133(1), The Code. If we apply that standard in the same fashion here, reaching our own determination on the same evidence, a reversal might be avoided if the evidence discloses the juvenile has carried the burden we imposed in division I. *See Thompson*, 241 N.W.2d at 4 (adjudicatory determination).

We conclude, however, that a review in that sense would eliminate the element of trial court's discretion that the legislature built into section 232.46 when it provided the court "may suspend the proceedings . . . [and] enter a consent decree." *Cf. State v. Speck*, 242 N.W.2d 287, 291, 293–94 (Iowa 1976). In these circumstances our role requires a de novo review to the extent of examining all the evidence to determine whether the court abused its discretion. *See In Interest of Freund*, 216 N.W.2d 366, 368 (Iowa 1974) ("[W]e have nothing to review de novo other than whether the juvenile court judge abused the discretion granted under the provisions of Code chapter 232 [to continue the investigation and hearing].").

Accordingly, we hold trial court should have the opportunity to exercise its discretion in this case in determining whether, under the proper burden of proof standard described in division I, the juvenile's motion for consent decree should be granted.

In remanding, we observe there is no merit in the juvenile's claim the court abused its discretion in hearing this proceeding because it took the guilty-plea hearing of her husband who allegedly was involved in some of the same activities. The record is clear there was no spillover from the *Alford*-type plea entered in that case. *See Manning v. Engelkes*, 281 N.W.2d 7, 10 (Iowa 1979); *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976).

Finally, we note this proceeding is not mooted because the juvenile, born February 18, 1963, has reached her majority. *See Stuart v. State ex rel. Jannings*, 253 N.W.2d 910, 913–14 (Iowa 1977); §§ 232.-8(1), .53(2), The Code.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. Costs are taxed to appellant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.