**In the Interest of Marvin Louis ROUS-SELOW, a child, Appellant.**

**No. 69570.**

Supreme Court of Iowa.

Dec. 21, 1983.

Wilhelmina D. McFee, Traer, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., Brent D. Hege,

Asst. Atty. Gen., and Donna Lesyshen, Asst. County Atty., for appellee State of Iowa.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and CARTER, JJ.

McGIVERIN, Justice.

Marvin Rousselow appeals from the juvenile court's entry of an order of adjudication of delinquency and disposition entered after the denial of a prior motion. He asserts that the court refused to exercise its discretion in denying his motion to suspend proceedings for the purpose of entering a consent decree in accordance with Iowa Code section 232.46(1) (1981) and thus its subsequent entry of an adjudication of delinquency should be vacated. We agree and, therefore, reverse.

■■■ The controlling issue of Rousselow's appeal turns upon the proper application of section 232.46(1) which provides in part:

1. At any time after the filing of a petition and *prior to entry of an order of adjudication pursuant to section 232.47,* the court may suspend the proceedings on motion of the county attorney or the child's counsel, enter a consent decree, and continue the case under terms and conditions established by the court. . . .

(Emphasis added.)

A "consent decree" for the purposes of section 232.46 is a juvenile court decree whereby the case may be continued, the child placed on probation under supervision, with the child being required to make restitution to the victim or performing a work assignment of equivalent value for the victim or state. Iowa Code section 232.46(1) (1983). If the county attorney objects to the entry of such decree, the court under section 232.46(2) shall determine the appropriateness of such decree after consideration of the objections thereto. If the child complies with the terms of the consent decree, the original petition

may not be reinstated. Iowa Code § 232.-46(4). The result of a successful probation under a consent decree would be that the case be dismissed without an adjudication of delinquency against the child.

We now state the procedural facts that gave rise to the issue presented. A petition was filed on June 15, 1982, in juvenile court alleging that Marvin Rousselow was a delinquent child because he had committed second-degree robbery in violation of Iowa Code section 711.3 (1981). Rousselow was approximately seventeen years and two months old at the time, having been born on April 25, 1965.

An adjudicatory hearing, in accordance with Iowa Code section 232.47, was held before a juvenile court referee. At the hearing, the juvenile orally admitted the allegations of the petition. *See* Iowa Code § 232.43(1). The record reveals that this plea admitting the allegations was not the result of a negotiated plea agreement between the county attorney and the child or his counsel. The referee advised the juvenile of his rights, probed the juvenile's understanding of the offense and the consequences of his plea, and thereafter found a factual basis for the plea in the juvenile's detailed admission concerning the robbery. The record further shows that the juvenile received all of the procedural safeguards set forth in subsections 232.43(3)–(5). The referee then accepted the juvenile's plea and entered a written finding of fact that "the juvenile did on June 1, 1982 commit Robbery in the Second Degree . . . contrary to and in violation of Section 711.3 of the 1981 Iowa Criminal Code."

The referee's order, filed on September 14, further stated:

In view of the juvenile's lack of prior criminal involvement and his apparent remorsefulness, the Court at this time withholds the entry of an adjudication of delinquency without prejudice to the court to enter the same at the disposition hearing should circumstances make it appropriate.

The order also continued the case for approximately eight weeks during which time the juvenile was placed under the supervision of the Department of Juvenile Court Services which was instructed to prepare a social investigation and predisposition report. The juvenile was also directed to undergo evaluation at a psychiatric clinic.

On September 28, the juvenile court filed an order adopting the referee's findings of fact, conclusions of law and judgment as its own.

On November 18, the scheduled dispositional hearing was held before the juvenile judge. *See* Iowa Code § 232.50. At the outset of the hearing, the predisposition and social investigation report, and a letter from the psychiatric clinic that examined the juvenile, were received into evidence.

The juvenile then moved under section 232.46 to suspend the proceedings for the purpose of entering a consent decree. Interpreting section 232.46(1), the court summarily denied the motion as untimely based on the rationale that "a consent decree cannot be entered after an adjudication hearing has taken place." The court emphasized that an "adjudicatory hearing" had taken place even though the "adjudication of delinquency" had been ordered withheld. Rousselow unsuccessfully contended that his motion was timely under section 232.46 because it was being made prior to entry of an order of adjudication of delinquency.

Following the denial of the juvenile's motion, the court first entered an order of adjudication of delinquency and then proceeded with the disposition of the juvenile. The guardianship of the juvenile was transferred to the Commissioner of the Iowa Department of Social Services for the purpose of placement at the State Training School at Eldora. However, actual transfer was ordered withheld. The juvenile was then placed under the supervision of the Black Hawk County Juvenile Court Services Department with physical placement remaining in the home of the juvenile's mother. The juvenile was placed on probation with a provision that he continue counseling at the psychiatric clinic.

Rousselow appealed. Thereafter, on application of the county attorney, the district court dismissed the case because the juvenile had attained the age of majority on April 25, 1983.

I. *Mootness.* The dismissal of Rousselow's case presents the question of whether his appeal is now moot. We have consistently stated that a claim is moot if it "no longer presents a justiciable controversy because the issues involved are academic or nonexistent [and] judgment, if rendered, will have no practical legal effect upon the existing controversy." *Toomer v. Iowa Department of Job Service*, 340 N.W.2d 594, 598 (1983).

 Even though the juvenile's case has been dismissed, we conclude that his principal claim on appeal, an allegation that the juvenile court refused to exercise its discretion in denying his motion for a consent decree and thereafter adjudging him a delinquent child, remains a justiciable controversy. The dismissal of Rousselow's case was merely a formality recognizing the automatic statutory termination of the court's dispositional order that would go into effect due to Rousselow having attained the age of majority. *See* Iowa Code §§ 232.53(1)–(2). We have held that a juvenile's appeal is not mooted simply because he or she has reached the age of majority. *In the Interest of Matzen*, 305 N.W.2d 479, 482 (Iowa 1981). Furthermore, Rousselow's primary contention and requested ultimate relief, the vacating of the order of adjudication of delinquency, remains real and is entitled to practical legal effect because the dismissal did not erase the adjudication of delinquency from Rousselow's permanent record. The adjudication of delinquency is also significant in view of the fact that it could be introduced into evidence against him at a sentencing proceeding after the conviction of a felony. Iowa Code § 232.55(2). Therefore, we conclude

Rousselow's principal claim is not moot as it presents a justiciable controversy.

Rousselow further asserts that the court erred in ordering dispositional terms unauthorized by the disposition statute, section 232.52. He specifically asserts, *inter alia*, error in regard to the order of transfer of his guardianship to the commissioner with actual transfer being withheld. He points out that there is no statutory provision for that procedure and thus the court's disposition should be vacated. We conclude that this claim is moot because the alleged improper portion of the order providing for transfer of his guardianship never became effective, nor will it be, due to the dismissal of the case by the district court and our disposition of the appeal.

II. *Denial of motion for consent decree.* Rousselow's foundational claim is that the juvenile court refused to exercise its discretion in declining, on the basis of untimeliness, to consider his motion for a consent decree.

The relevant provisions of section 232.46(1), which provides for a consent decree, were stated above. The statute's reference to "an order of adjudication pursuant to section 232.47" refers to section 232.47(10) which states that, "If the court finds that the child did engage in delinquent conduct, the court *may* enter an order adjudicating the child to have committed a delinquent act." (Emphasis added.) Therefore, section 232.46 provides a juvenile judge with discretion to sustain or deny a motion to suspend the juvenile proceedings, for the purpose of entering a consent decree, up to the point in time when an order of adjudication of delinquency, pursuant to section 232.47(10), is actually entered.

The record shows that the juvenile court referee, during the course of the adjudicatory hearing, accepted the juvenile's plea admitting the allegations of the petition and thereafter made a finding that the juvenile had committed second-degree robbery. However, in reliance upon his discretionary authority, provided for in section 232.47(10), the referee expressly withheld the order of adjudication of delinquency until the dispositional hearing so that the predisposition and social investigation reports could be prepared and relied upon in this determination. Although this particular approach is not expressly provided for in the statute, it is implicitly authorized.

Section 232.47(10) gives the juvenile court the discretion to defer or withhold the order of adjudication of delinquency after making a finding that the juvenile has engaged in delinquent conduct. Section 232.48(2) then permits the preparation of a predisposition report prior to an adjudication of delinquency, and after an adjudicatory hearing, provided the juvenile and his or her parents have granted consent. Finally, section 232.50(1) does not prohibit the entry of an order of adjudication during the course of the dispositional hearing. Our prior decisions do not preclude us from permitting the entry of an order of adjudication of delinquency at the outset of the dispositional hearing, provided that an adjudicatory hearing has been held during which the court made a finding that the juvenile had engaged in delinquent conduct. *See In the Interest of C.D.P.*, 315 N.W.2d 731 (1982); *In the Interest of Meek*, 236 N.W.2d 284 (1975).

We therefore hold that an order of adjudication of delinquency may be entered at the outset of a dispositional hearing provided that: (1) a separate adjudicatory hearing has been previously held; (2) the juvenile court made a finding during the adjudicatory hearing that the juvenile had engaged in delinquent conduct; and (3) an order of adjudication of delinquency has been withheld to permit the preparation and examination of the predisposition report.

Having determined that an order of adjudication of delinquency may properly be deferred until the dispositional hearing, we must now address the merits of Rousselow's claim that the court erred in

refusing to consider his motion to suspend the proceedings for the entry of a consent decree.

Our scope of review on this issue is de novo only to the extent of examining all of the evidence to determine whether the court abused its discretion. *In the Interest of Matzen,* 305 N.W.2d at 482. We recognize the trial court's discretion in ruling on a motion to suspend proceedings for the entry of a consent decree. *See* Iowa Code § 232.46(1). However, the court did not exercise its discretion in ruling on Rousselow's motion. The court, based on an erroneous interpretation of section 232.46(1), concluded the motion was untimely made. In doing so, the court equated the holding of an *adjudicatory hearing* under section 232.47 on the allegations of the petition with the "entry of an *order of adjudication* pursuant to section 232.47." That interpretation, however, would rewrite section 232.46(1).

The record reveals that the juvenile's motion preceded entry of the court's order of adjudication of delinquency at the dispositional hearing. In accordance with section 232.46(1), which permits the court to enter a consent decree at any time "prior to entry of an order of adjudication," the motion was timely and the court did have the authority to enter a consent decree at the time the motion was made. After hearing and subject to its discretion, the motion for a consent decree could be ruled upon on its merits. At that point in the proceeding, the juvenile would need to show by a preponderance of the evidence that good cause existed for sustaining the motion. *In the Interest of Matzen,* 305 N.W.2d at 481–82.

The court's interpretation, however, of section 232.46(1), that a "consent decree cannot be entered after an adjudicatory hearing has taken place," was erroneous. Therefore, we conclude the court erred in failing to exercise its discretion by denying the motion on the basis of untimeliness. The error was prejudicial to Rousselow because the order of adjudication of delinquency occurred after the error, thereby depriving him of the possibility of a consent decree and the avoidance of an adjudication of delinquency.

III. *Disposition of the appeal.* In recognition of the procedural posture wherein this juvenile case has been dismissed and Rousselow is, therefore, no longer amenable to the jurisdiction of the juvenile court, we reverse the juvenile court's oral ruling denying Rousselow's motion for a consent decree and vacate the order of adjudication of delinquency and disposition entered on November 18, 1982, because it followed the erroneous ruling on his motion.

REVERSED.

All justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I dissent. A dispositional hearing is intended to be held following the entry of an order of adjudication. Iowa Code section 232.50 (1981). As a result, the dispositional hearing is beyond the point in the proceedings when a consent decree should be considered.

The juvenile court, in withholding formal entry of an order of adjudication, is entitled to condition that action on such grounds as the court deems proper. The entry directing the withholding of the order of adjudication in the present case was expressly conditioned on advancing the proceeding directly to the dispositional hearing—a circumstance which should preclude any entitlement to a consent decree. I would affirm the juvenile court.