**In the Interest of J.J.A., A Minor Child, State of Iowa, Appellant.**

No. 97–1753.

Supreme Court of Iowa.

July 1, 1998.

Thomas J. Miller, Attorney General, Chris Odell, Assistant Attorney General, and Stacy Dillard, Assistant County Attorney, for appellant.

John C. Nelson, Sioux City, for appellee minor child.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The State appeals from an order of the juvenile court, contending the court erred in denying its motion to waive jurisdiction to the district court and in entering a consent decree. We affirm the decisions of the juvenile court.

## I. Background Facts and Proceedings

On July 21, 1997, the State filed a delinquency petition alleging that on February 16, 1997, J.J.A., a juvenile, committed the delinquent act of operating while intoxicated in violation of Iowa Code section 321J.2 (1997). The State also filed a motion requesting the juvenile court to waive jurisdiction over the case. *See* Iowa Code § 232.45(1). The court scheduled both the hearing on the motion to waive jurisdiction and the adjudicatory hearing for August 15, 1997. J.J.A.'s eighteenth birthday was August 23, 1997.

After the presentation of witnesses and argument on the State's motion to waive jurisdiction, the juvenile court orally denied the motion. Following a motion by J.J.A.'s attorney to suspend the proceedings, the court ordered suspension of the proceedings and entered a consent decree pursuant to Iowa Code section 232.46(1). The court ordered that the decree be entered for a period of six months with "standard terms" and a special condition that J.J.A. obtain an alcohol assessment. The court set a hearing for February 13, 1998, to either dismiss the matter, if J.J.A. had successfully completed the terms of the consent decree, or for an adjudicatory hearing if he failed to do so. Based on the court's oral rulings, the State filed a motion for reconsideration, which the court denied. The juvenile court filed a written order confirming its denial of the motion to waive jurisdiction and its entry of a consent decree on August 27, 1997. The State appealed.

## II. Issues on Appeal

On appeal, the State raises several issues regarding the juvenile court's ruling. Initially, the State contends the juvenile court erred in denying its motion to waive jurisdiction because it proved all the required factors outlined in section 232.45(6). The State also argues the court erred in entering a consent decree in this case for four reasons. First, the State maintains the juvenile court does not have jurisdiction to enforce a consent decree beyond a juvenile's eighteenth birthday, which in this case occurred only eight days after the hearing. Thus, the State argues, the court's ruling was based on an erroneous interpretation of law. Second, the State argues the juvenile court did not exercise its discretion because it failed to consider all procedural options in entering the consent decree. The State contends the court limited its options to waiving J.J.A. to district court or entering a consent decree and did not consider proceeding to an adjudicatory hearing and dispositional order. Third, the State urges the juvenile court did not follow the statutory requirements in entering a consent decree because it failed to ascertain whether J.J.A. intelligently and voluntarily agreed to the conditions and terms of the decree. Fourth, the State maintains J.J.A. failed to meet his burden of showing a consent decree was appropriate under the circumstances.

In addition to responding to the State's arguments, J.J.A. contends that the order from which the State appealed is not final but interlocutory and thus, the State's appeal should be dismissed.

III.   Discussion

A.   Appellate Jurisdiction

1.   Finality of Consent Decree

■   Iowa Code section 232.133(1) provides that "[a]n interested party aggrieved by an order or decree of the juvenile court may appeal from the court for review of questions of law or fact."   The Code also provides that "[t]he procedure for such appeals shall be governed by the same provisions applicable to appeals from the district court."   Iowa Code § 232.133(2).

We have previously interpreted section 232.133(1) and concluded that "'the legislature did not intend, by enactment of [this provision], an appeal as of right could be taken to the Supreme Court from any and every interlocutory order or decree entered in a juvenile court.'"   *In re Long,* 313 N.W.2d 473, 475 (Iowa 1981) (quoting *In re Clay,* 246 N.W.2d 263, 266 (Iowa 1976)). Therefore, "[a]s with all other orders, appealability depends on whether the juvenile court order is found to be 'final.'"   *Id.*

Under   the   mandate   from   section 232.133(2), we consider our rules of appellate procedure, and decisions interpreting those rules, in determining the appealability of the juvenile court's order.   Iowa Rule of Appellate Procedure 1 (1997) provides:

   a.   All final judgments and decisions of the district court . . ., involving the merits or materially affecting the final decision, may be appealed to the supreme court, except as provided in this rule. . . .

   b.   No interlocutory ruling or decision may be appealed except as provided in Iowa Rule of Appellate Procedure 2 until after the final judgment or order.

   c.   If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal.   The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under Iowa Rule of Appellate Procedure 2, as if duly presented to the supreme court at the time the appeal was taken.

Thus, under the scheme provided by our rules of appellate procedure, we must first determine whether the order from which the State appeals is interlocutory in nature, in which case the State must seek permission for the appeal to be heard under Iowa Rule of Appellate Procedure 2, or final, thus allowing the State to appeal as of right.

The court's order in this instance contained two rulings: the denial of the State's motion to waive jurisdiction and the entry of a consent decree.   We have previously held that a juvenile court's decision on a motion to waive jurisdiction is interlocutory in nature.   *See In re Clay,* 246 N.W.2d 263, 266 (Iowa 1976) (dismissing juvenile's appeal from order transferring jurisdiction to adult court because juvenile had not obtained permission for interlocutory appeal); *accord In re C.W.R.,* 518 N.W.2d 780, 782 (Iowa 1994) (holding court had jurisdiction to review court's order denying State's waiver motion because State requested and was granted interlocutory appeal).   The scenario presented by the procedural posture of this case, however, is somewhat different from that presented in *Clay* and *C.W.R.* Typically, in a case involving a waiver-of-jurisdiction issue, that is the only order from which the party is appealing.   In the case at bar, however, the juvenile court not only denied the State's motion to waive jurisdiction, but also entered a consent decree.   Thus, the issue of whether the State's appeal is proper in this instance hinges on whether the entry of a consent decree is a final order.

J.J.A. contends entry of a consent decree is not final because if he does not successfully fulfill the conditions of the consent decree, the juvenile court could waive jurisdiction to district court or hold an adjudicatory hearing on the underlying delinquent act.   *See* Iowa Code § 232.46(5).   Therefore, J.J.A. contends, the juvenile court's jurisdiction over this matter is ongoing and any appeal must be deemed interlocutory in nature.   The State does not respond to J.J.A.'s contention that the State's appeal was improvidently taken.

The issue of whether entry of a consent decree constitutes a final judgment or decision is a matter of first impression.   There-

fore, we look to the governing statutes and case law construing the finality requirement to resolve this issue. Iowa Code section 232.46(1) provides in pertinent part:

At any time after the filing of a petition and prior to entry of an order of adjudication pursuant to section 232.47, the court may suspend the proceedings on motion of the county attorney or the child's counsel, enter a consent decree, and continue the case under terms and conditions established by the court.

We have previously noted that a consent decree, as referred to in section 232.46(1),

is a juvenile court decree whereby the case may be continued, the child placed on probation under supervision, with the child being required to make restitution to the victim or performing a work assignment of equivalent value for the victim or state.

*In re Rousselow,* 341 N.W.2d 760, 762 (Iowa 1983).

"An interlocutory order is 'one that is not finally decisive of the case.'" *In re W.D. III,* 562 N.W.2d 183, 185 (Iowa 1997) (quoting *Williams v. Bourne,* 248 Iowa 189, 194, 79 N.W.2d 751, 754 (1956)). Similarly, a ruling "is not final if the court intends to do something further to signify its final adjudication of the case." *Id.* (citing *In re C.S.,* 516 N.W.2d 851, 857 (Iowa 1994)). Although it is sometimes difficult to discern whether an order is final, "[o]rdinarily a final judgment conclusively adjudicates all of the rights of the parties." *Rowen v. LeMars Mut. Ins. Co.,* 357 N.W.2d 579, 581 (Iowa 1984).

The State posits that a consent decree is "the juvenile equivalent to the entry of a deferred judgment following prosecution in district court." J.J.A. contests this conclusion; however, it appears that the State's contention helps, rather than hurts his position. In *State v. Stessman,* 460 N.W.2d 461 (Iowa 1990), we considered whether the entry of a deferred judgment is a final order from which a defendant can appeal as of right. In *Stessman,* the defendant was found guilty of various theft and fraud charges. *Stessman,* 460 N.W.2d at 462. The district court granted the defendant a deferred judgment pursuant to Iowa Code section 907.3 (1987). *Id.* Under the terms of the

deferred judgment, "[t]he adjudication of guilt and imposition of sentence were deferred for a period of five years, during which time the defendant was placed on probation. Defendant was also required to make restitution to the victims of his acts and pay court costs." *Id.* The State moved to dismiss the defendant's appeal, contending no right of appeal existed because no final judgment had been entered. We concurred with the State's argument, noting that "a final judgment does not presently exist in this case.... An order deferring judgment is interlocutory and cannot meet the final judgment requirement." *Id.; accord State v. Anderson,* 246 N.W.2d 277, 279 (Iowa 1976).

There are similarities between a consent decree and a deferred judgment. Both involve a period of "probation" under which the juvenile or defendant must comply with certain terms and conditions for a specified period of time. *See* Iowa Code §§ 232.46(1), 907.3(1). Under the statutory procedure for a consent decree, if the juvenile complies, the original petition may not be reinstated and the child "shall not be proceeded against in any court for a delinquent act alleged in the petition." *Id.* § 232.46(5), (6). Pursuant to the deferred judgment procedures under section 907.3(1), "[u]pon fulfillment of the conditions of probation, the defendant shall be discharged without entry of judgment." Thus, with both mechanisms, if the individual fulfills the requisite terms and conditions, a judgment is not entered and there are no adverse ramifications to his or her criminal or juvenile record.

The reasoning behind our decisions in *Stessman* and *Anderson* and other cases providing instruction on the issue of finality convince us that a juvenile court's entry of a consent decree is not a final order from which a party may appeal as of right. As in the case of a deferred judgment, with a consent decree, the adjudication of guilt (similar to an adjudication of delinquency) and the sentencing (similar to a dispositional order) are postponed while the defendant or juvenile attempts to complete the terms and conditions of probation. All consent decrees issued are, by their very nature, "not finally decisive of the case" because further action

by the juvenile court is required to determine whether the case should be dismissed or held open for an adjudicatory hearing or a waiver to district court. This lack of finality is made clear in this case by the juvenile court's scheduling of another hearing to be held on the matter at the end of the consent decree's term. We have previously held:

> A ruling is not final when the trial court intends to do something further to signify its final adjudication of the case. When a ruling specifically provides for subsequent entry of a final order, the ruling itself is not a final judgment or decision.

*In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979) (citations omitted).

We conclude that a juvenile court's entry of a consent decree is not a final judgment or decision within the meaning of Iowa Rule of Appellate Procedure 1(a). Therefore, the State's appeal from the entry of the consent decree was improperly taken as a direct appeal. Because we conclude the consent decree is not a final order, the State's direct appeal from the juvenile court's denial of the motion to waive jurisdiction was improperly taken as well.

**2. Iowa Rule of Appellate Procedure 1(c)**

■ Although we have concluded that entry of a consent decree is not a final judgment or decision for purposes of appeal, we now must consider whether to entertain this particular case as an interlocutory appeal pursuant to Iowa Rule of Appellate Procedure 1(c). That rule instructs us to treat an improperly taken appeal as the equivalent of an application for interlocutory appeal under Iowa Rule of Appellate Procedure 2. We have previously cautioned that rule 1(c) "should rarely be invoked since it incorporates the rule 2(a) standards for determining when interlocutory appeal should be permitted." *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477–78 (Iowa 1984). Rule 2(a) provides in pertinent part:

> Any party aggrieved by an interlocutory ruling or decision, including a party whose objections to jurisdiction have been overruled, may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. Such appeal

may be granted . . . on finding that such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice.

In considering this issue, we note that "our court has traditionally been parsimonious about allowing interlocutory appeals." *Mason City Prod. Credit Ass'n v. Van Duzer*, 376 N.W.2d 882, 886 (Iowa 1985).

Applying the standards set forth above, we conclude that interlocutory appeal should be granted in this case. The decision made by the juvenile court involves the substantial rights of J.J.A., as the juvenile subject to the consent decree. Our decision in this matter will materially affect the juvenile court's determination of whether to dismiss the delinquency petition upon a finding that J.J.A. has complied with the terms of the consent decree or to proceed with other options such as an adjudicatory hearing if it is determined the juvenile court acted improperly in entering the consent decree. Moreover, a definitive decision on whether a juvenile court's jurisdiction over a juvenile who is the subject of a consent decree ends when the juvenile reaches eighteen will aid juvenile courts and attorneys in the future and presents an important issue of statutory interpretation.

By granting interlocutory appeal in this case, we do not suggest that attorneys involved in juvenile proceedings should ordinarily bring appeals after the entry of a consent decree. Now that we have determined that entry of a consent decree is not a final order, "we shall be extremely reluctant hereafter to grant an interlocutory appeal from such an order." *Long*, 313 N.W.2d at 477. We now proceed to the merits of the appeal and consider both rulings of the juvenile court: the denial of the State's motion to waive jurisdiction and the entry of the consent decree.

**B. Consent Decree**

■ Because our resolution of this issue will aid us in resolving the State's assignment of error regarding the motion to waive jurisdiction, we consider it first. The State raises

four claims of error regarding the juvenile court's entry of a consent decree. Our review of a juvenile court's decision to enter a consent decree is de novo, but only to the extent of examining all the evidence to determine whether the juvenile court abused its discretion. *Rousselow*, 341 N.W.2d at 765. However, to the extent that our determination of this issue involves the interpretation of a statutory provision, our review is for correction of errors at law. Iowa R.App. P. 4. We consider each of the State's assignments of error in order.

### 1. Authority to Enter Consent Decree

■ The State contends that pursuant to Iowa Code chapter 232, our juvenile justice act, the juvenile court's jurisdiction over a juvenile who is the subject of a consent decree ends when the juvenile reaches age eighteen. Therefore, the State argues, the juvenile court's decision to grant J.J.A.'s motion to suspend the proceedings and enter a consent decree was based on an erroneous interpretation of law, constitutes an abuse of discretion, and should be reversed. The State raises an issue of first impression by this argument: whether a consent decree entered pursuant to Iowa Code section 232.46 expires on the juvenile's eighteenth birthday.

In the case at bar, J.J.A. turned eighteen only eight days after the hearing at which the court entered the consent decree. The consent decree entered by the court was to last for six months, thus extending well beyond the date J.J.A. attained majority. In its written ruling the juvenile court found that the services desired to rehabilitate J.J.A. "are available through Juvenile Court *past the juvenile's eighteenth birthday* through a consent decree." (Emphasis added.) At the hearing, the State's attorney requested clarification of the court's order with regard to the consent decree. The following exchange took place:

> [STATE'S ATTORNEY]: Your Honor, can I just ask for some clarification? Is it the Court's position that the consent decree entered today will or will not expire when [J.J.A.] turns 18 years of age?

> THE COURT: Will not expire. It will not expire for a period of six months or unless sooner released by Juvenile Court services.

The State contends that because the statute governing consent decrees does not specifically allow for extension of the juvenile court's jurisdiction beyond a juvenile's eighteenth birthday, such an extension is beyond the juvenile court's authority and is therefore improper. The State compares the entry of a consent decree to the statutory provisions regarding dispositional orders to support its argument. Following an adjudication of delinquency and a dispositional hearing, the court enters a dispositional order setting forth the duration and nature of the disposition. *See* Iowa Code § 232.52. Iowa Code section 232.53 governs the duration of dispositional orders. Subsection 2 addresses the duration of dispositional orders for juveniles who, like J.J.A., are between seventeen and one-half years and eighteen years old when the dispositional order is entered. The provision states in pertinent part:

> Dispositional orders entered subsequent to the child attaining the age of seventeen years and six months and prior to the child's eighteenth birthday shall automatically terminate one year after the date of disposition.

*Id.* § 232.53(2).

Iowa Code section 232.46(4), governing the duration of consent decrees, provides:

> A consent decree shall remain in force for six months unless the child is sooner discharged by the court or by the juvenile court officer or other agency or person supervising the child. Upon application of a juvenile court officer or other agency or person supervising the child made prior to the expiration of the decree and after notice and hearing, or upon agreement by the parties, a consent decree may be extended for an additional six months by order of the court.

The State contends that because section 232.46(4) does not contain an express authorization for extended duration, as provided in section 232.53(2) for dispositional orders, such an extension is improper. Therefore, the State argues, the juvenile court's ruling

that the consent decree would not expire on J.J.A.'s eighteenth birthday was based on an erroneous interpretation of the law and thus the court abused its discretion in entering the order. J.J.A. counters that a comparison of the provisions regarding the duration of dispositional orders and consent decrees does not mandate the conclusion that consent decrees cannot extend past the juvenile's eighteenth birthday. Rather, J.J.A. argues that principles of statutory construction require the opposite conclusion. We agree.

Iowa Code section 232.53(1), governing the duration of dispositional orders, provides in relevant part:

> Any dispositional order entered by the court pursuant to section 232.52 shall remain in force for an indeterminate period or *until the child becomes eighteen years of age* unless otherwise specified by the court or unless sooner terminated pursuant to the provisions of section 232.54.

(Emphasis added.) This subsection applies to all dispositional orders entered for juveniles, regardless of their age at the time the order is entered. Pursuant to this subsection, the juvenile court's authority over a juvenile ends when he or she turns eighteen. Subsection 232.53(2) then addresses specifically the duration of dispositional orders for juveniles who are between seventeen and one-half years and eighteen years old at the time the dispositional order is entered, providing for the extension of the juvenile court's authority beyond the age of eighteen.

Subsection 232.46(4), addressing the duration of consent decrees, does not provide differing durations depending on the age of the juvenile involved. From the clear and unambiguous statutory language of subsection 232.46(4), it does not appear that the legislature intended for the provisions of a consent decree to expire when the juvenile reaches eighteen. No mention of a juvenile's age is made. This reading of subsection 232.46(4) becomes even more clear when compared to subsection 232.53(1), which provides that dispositional orders remain in force only until the child reaches eighteen. Moreover, we must remember the nature of the consent decree. It is a procedural mechanism which allows the juvenile the potential to avoid an adjudication of delinquency and its use requires that the child and the child's parent, guardian or custodian be informed of the consequences of the decree and that the child must "voluntarily and intelligently agree[ ] to the terms and conditions of the decree." Iowa Code § 232.46(3). The clear language of Iowa Code section 232.46(4) does not contemplate an automatic termination date in conjunction with a juvenile attaining the age of majority as does section 232.53, regarding dispositional orders.

Moreover, in *In re Matzen*, 305 N.W.2d 479, 482 (Iowa 1981), we remanded for the juvenile court to consider the entry of a consent decree despite the fact the juvenile had reached her majority. In *Matzen*, the juvenile was charged with theft and several counts of false use of a financial instrument. Our court held that the juvenile court erred by applying an improper burden of proof in overruling her motion for a consent decree. *Matzen*, 305 N.W.2d at 482. In remanding the case for reconsideration of the juvenile's motion for a consent decree, we noted "this proceeding is not mooted because the juvenile ... has reached majority." *Id.* (citing *Stuart v. State ex rel. Jannings*, 253 N.W.2d 910, 912–14 (Iowa 1977)). Had we felt the juvenile court lacked jurisdiction to consider a consent decree on remand because the child had attained majority, we would have dismissed the appeal.

Therefore, we conclude the juvenile court had the authority to enter the consent decree in this case for a period extending beyond J.J.A.'s eighteenth birthday. The court's decision to enter a consent decree was not based on an erroneous interpretation of law, but was based on the clear and unambiguous language of subsection 232.46(4).

### 2. Failure to Exercise Discretion

■ The State's second argument asserts that the juvenile court abused its discretion by failing to consider all available procedural alternatives. The State maintains that the court only considered two options: waiving the juvenile to district court to be prosecuted as an adult or ordering the entry of a consent decree. Thus, the State argues, the court failed to consider another procedural alterna-

tive: proceeding to an adjudicatory hearing and, if the court found J.J.A. committed a delinquent act, entry of a dispositional order. J.J.A. responds that the transcript of the hearing indicates the court was aware of the alternative of proceeding to an adjudicatory hearing, but simply exercised its discretion and chose not to do so.

A review of the hearing transcript indicates that the juvenile court was aware of the option of proceeding to an adjudicatory hearing. The following excerpt indicates that the court was apprised of the option of an adjudicatory hearing:

> [STATE'S ATTORNEY]: ... The State's position is that the Court has two options at this hearing and that is to either waive jurisdiction of [J.J.A.] over the offenses alleged to the adult division or to leave the matter in juvenile court and *proceed to adjudicatory hearing.*
>
> ....
>
> THE COURT: Okay. You're [directed to J.J.A.'s attorney] asking me to suspend it because he turns [18]. And then if he satisfactorily completes probation, we'll dismiss out. If he doesn't, then I would rule on the waiver when he violates probation.
>
> I'm inclined to do number three.... Number three being suspend probation in juvenile court. If he violates, he would be waived then.

(Emphasis added.) At the close of the evidence, J.J.A.'s attorney made a motion for entry of a consent decree:

> [J.J.A.'S ATTORNEY]: ... [A]t this time the child makes a motion for the Court to enter a consent decree and suspend these proceedings in accordance with 232.46....
>
> THE COURT: [State's Attorney], do you want to object to the Court? I'll give you a chance.
>
> [STATE'S ATTORNEY]: I'll object. I do not believe that the Court has the statutory authority to defer making a decision on the State's motion to waive filed with this Court. I believe the Court is obligated to make a determination with respect to that issue.

> After that issue has been made, I then believe the Court has the authority to proceed to the adjudicatory hearing and the consent decree options which are offered in the Code.
>
> THE COURT: Okay. So what we're saying then is we have two motions before the Court....

Furthermore, the court, in its oral order at the close of the hearing indicated that it was aware of the option of proceeding to an adjudicatory hearing and that such an option would still be available to the court if J.J.A. violated the terms of the consent decree:

> THE COURT: In the event that [J.J.A.] successfully completes the terms of the consent decree in six months, this matter will be dismissed. If he fails to complete the terms of the consent decree, we'll be back for, I guess, an adjudicatory hearing.

The transcript clearly indicates that the juvenile court was aware of the three procedural options that were available, as evidenced by the attorneys' comments to the court and the court's responses. The juvenile court did not fail to exercise its discretion in entering the consent decree.

### 3. Failure to Follow Statutory Procedure for Entry of Consent Decree

The State also contends that the juvenile court failed to fulfill the mandatory procedural requirements set forth in Iowa Code section 232.46(3) prior to entering the consent decree. Therefore, the State argues, the court's entry of a consent decree was improper. The section provides:

> A consent decree shall not be entered unless the child and the child's parent, guardian or custodian is informed of the consequences of the decree by the court and the court determines that the child has voluntarily and intelligently agreed to the terms and conditions of the decree. If the county attorney objects to the entry of a consent decree, the court shall proceed to determine the appropriateness of entering a consent decree after consideration of any

objections or reasons for entering such a decree.

Iowa Code § 232.46(3).

The State argues the juvenile court failed to ascertain whether J.J.A. "voluntarily and intelligently" agreed to the decree's terms. The record is devoid of any colloquy between the court and J.J.A. regarding the terms of the decree. J.J.A. contends that his consent to the terms of the agreement can be implied from his lack of objection to the terms of the decree and by his attorney's motion to have the decree entered.

We decline to address the parties' arguments on this issue. The State has failed to cite authority for the proposition that it can assert the rights of the juvenile on appeal. Because of this omission and the fact that our research has not revealed any support for this proposition either, we deem the matter waived. *See* Iowa Rule of Appellate Procedure 14(a)(3) ("Failure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue.").

4. Appropriateness of Consent Decree

■ The State's fourth and final argument with regard to the entry of the consent decree is that J.J.A. failed to carry his burden of proving the appropriateness of entering the decree. Section 232.46(3) provides in pertinent part:

If the county attorney objects to the entry of a consent decree, the court shall proceed to determine the appropriateness of entering a consent decree after consideration of any objections or reasons for entering such a decree.

We have previously held that "the burden is on the juvenile to show the appropriateness of his or her proposed consent decree.... It is hornbook law that ordinarily the burden rests on the movant to support his or her motion." *Matzen,* 305 N.W.2d at 481. Section 232.46 imposes on the juvenile "the burden to show, by a preponderance of the evidence, good cause for sustaining [his] motion to enter a consent decree." *Id.* at 481–82. We review the juvenile court's decision to grant J.J.A.'s motion for a consent decree de novo "to the extent of examining all the evidence to determine whether the court abused its discretion." *Id.* at 482.

On our review of the record, we find that the juvenile court did not abuse its discretion in granting J.J.A.'s motion for entry of a consent decree. The only witness to testify at the hearing, the juvenile court officer in charge of J.J.A.'s case, indicated she did not believe J.J.A. was in need of treatment, that he had been cooperative, and was not a danger to the community. The juvenile court officer also testified that she communicated with Patty Nelson, the community service supervisor, regarding J.J.A.'s completion of the terms of an informal adjustment agreement from a prior incident. She understood from Nelson that J.J.A. was very responsible, called on time, and was never late for his appointments. Nelson stated that J.J.A. had taken responsibility for completing his twenty hours of community service in a timely fashion. This testimony, with no conflicting evidence presented to rebut it, amply supports the juvenile court's determination that J.J.A. carried his burden of showing good cause for the entry of a consent decree. No abuse of discretion occurred.

C. Motion to Waive Jurisdiction

■ Iowa Code section 232.45 vests discretion in the juvenile court in ruling on a motion to waive jurisdiction. *State v. Greiman,* 344 N.W.2d 249, 251 (Iowa 1984). Our review of a juvenile court's denial of such a motion is de novo, but only to the extent of examining all the evidence to determine whether the juvenile court abused its discretion in denying the waiver. *C.W.R.,* 518 N.W.2d at 783.

Iowa Code section 232.45(6) sets forth the conditions which must be present before the juvenile court may waive jurisdiction:

[T]he court *may* waive its jurisdiction over the child for the alleged commission of the public offense if *all* of the following apply:

*a.* The child is fourteen years of age or older.

*b.* The court determines ... that there is probable cause to believe that the child has committed a delinquent act which would constitute the public offense.

*c.* The court determines that the state has established that there are not reasonable prospects for rehabilitating the child if the juvenile court retains jurisdiction over the child and the child is adjudicated to have committed the delinquent act, and that waiver of the court's jurisdiction over the child for the alleged commission of the public offense would be in the best interests of the child and the community.

(Emphasis added.) The statute clearly provides that all three criteria must be present before a waiver may occur and that the juvenile court has discretion in making the waiver determination.

In determining whether the criteria of section 232.45(6)(*c*) were satisfied, the juvenile court should have considered, but was not limited to, the following factors:

*a.* The nature of the alleged delinquent act and the circumstances under which it was committed.

*b.* The nature and extent of the child's prior contacts with juvenile authorities, including past efforts of such authorities to treat and rehabilitate the child and the response to such efforts.

*c.* The programs, facilities and personnel available to the juvenile court for rehabilitation and treatment of the child, and the programs, facilities and personnel which would be available to the court that would have jurisdiction in the event the juvenile court waives its jurisdiction so that the child can be prosecuted as an adult.

Iowa Code § 232.45(7). This subsection "confers very broad discretion upon the court to consider such factors as it deems relevant in determining whether it ought to waive jurisdiction in a particular case." *In re T.D.,* 335 N.W.2d 638, 639 (Iowa App.1983).

The parties do not dispute that the first of the criteria of section 232.45(6) is present in this case. J.J.A. was seventeen at the time of the alleged delinquent conduct. Concerning the second criterion, the juvenile court never specifically addressed whether probable cause existed to believe J.J.A. had committed a delinquent act constituting the offense of operating while intoxicated. With regard to the third criterion found in subsection 232.45(6), the court stated in its written ruling:

[T]here are reasonable prospects that [J.J.A.] could be rehabilitated if Juvenile Court retains jurisdiction at this time. It is also in [J.J.A.'s] and the community's best interest for this matter to be retained by the Juvenile Court.

The State contends the juvenile court abused its discretion in denying the motion "because all of the required elements for waiver had been proven as the court specifically found." As noted above, the court did not find that the State had established there were not reasonable prospects for rehabilitation in the juvenile system, as required by subsection 232.45(6)(*c*). The State also does not cite a location in the transcript where the juvenile court found probable cause for commission of a delinquent act existed and we are unable to find such a conclusion in our review of the transcript.

Even if all three elements were established by the State, after reviewing the record and considering the factors set forth in section 232.45(7), we conclude that the juvenile court did not abuse its discretion in denying the State's motion to waive jurisdiction.

At the time the delinquency petition was filed, J.J.A. had only one prior law enforcement contact, for frequenting a disorderly house. For that prior incident, J.J.A. completed an informal adjustment agreement, *see* Iowa Code § 232.29, which included participation in an alcohol awareness program and twenty hours of community service. At the time of the juvenile court's order, J.J.A. had completed high school and was planning to enlist in the Army Reserve. The only witness who testified at the waiver hearing, the juvenile court officer assigned to J.J.A.'s case, was in favor of J.J.A. remaining in the juvenile system. The juvenile court officer testified that J.J.A. had cooperated fully with juvenile court services in their investigation of the case, that she did not feel J.J.A. was a danger to the community, and that it would not be in J.J.A.'s best interest to be waived to district court.

The State's primary concern with leaving J.J.A. in the juvenile system is that he attained majority several days after the waiver hearing. The State believes that the juvenile system lost the authority to oversee J.J.A.'s

rehabilitation when he turned eighteen. The juvenile court concluded that services could be offered to J.J.A. beyond his eighteenth birthday via a consent decree and that the juvenile court would be able to provide greater supervision of his progress than would the district court. Based on our conclusion above regarding the ability of the juvenile court to enter a consent decree which extends beyond a juvenile's eighteenth birthday, we conclude that the juvenile court did not abuse its discretion in denying the State's motion to waive jurisdiction of J.J.A. to district court.

### IV. Disposition

Because we find no abuse of discretion, we affirm the juvenile court's denial of the State's motion to waive jurisdiction and the juvenile court's entry of a consent decree.

**AFFIRMED.**