**IN THE COURT OF APPEALS OF IOWA**

No. 16-0228
Filed December 21, 2016

**IN THE INTEREST OF T.D.,**

**T.D., Minor child,**
        Appellant.

_____

        Appeal from the Iowa District Court for Benton County, Russell G. Keast (adjudicatory hearing), District Associate Judge, and Susan F. Flaherty (dispositional hearing), Associate Juvenile Judge.


        A child appeals the district court's adjudication and disposition of delinquency. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


        Peter W. Stiefel of Stiefel Law Firm, Victor, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

T.D. appeals following the district court's dispositional order adjudicating him delinquent and imposing formal probation.[1] The district court determined he committed sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(a) (2015); assault with the intent to commit sexual abuse, in violation of section 709.11(3); and simple assault, in violation of sections 708.1 and 708.2(6). T.D. challenges the sufficiency of the evidence to support the conclusion he committed the crimes in question and the court's failure to grant him a consent decree. We affirm the adjudication and disposition under Iowa Court Rule 21.26(1)(a), (b), and (d) but remand for the entry of a corrected dispositional order.

The district court heard evidence T.D. committed certain acts upon three separate victims. It then weighed the evidence and made credibility findings before entering its lengthy and detailed ruling. We review delinquency proceedings de novo, giving weight to the fact findings of the district court, especially as to the credibility of the witnesses, but we are not bound by those findings. *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). Upon our de novo review, we agree with the district court's reasoning and conclusions.

We further find no abuse of the district court's discretion in its dispositional decision declining T.D.'s request for a consent decree. *See In re J.J.A.*, 580 N.W.2d 731, 737 (Iowa 1998) ("Our review of a juvenile court's decision to enter

---

[1] After the adjudicatory hearing, the district court found the State had proven T.D. had committed the above referenced acts but withheld the entry of adjudication "pending dispositional hearing."

a consent decree is de novo, but only to the extent of examining all the evidence to determine whether the juvenile court abused its discretion.").

However, we vacate that portion of the dispositional order that incorrectly cited Iowa Code section 708.2(2), assault causing bodily injury, because this does not comport with the evidentiary findings of the court. The court found T.D. had committed simple assault under Iowa Code sections 708.1 and 708.2(6). The State concedes this error. We therefore remand this matter for the entry of a corrected dispositional order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**